Filed May 29, 1888.

———◆———

No. 13,345.

BRITTON *v.* THE STATE, EX REL. ROWE.

|  |  |
|---|---|
| 115 | 55 |
| 146 | 373 |
| 115 | 55 |
| 150 | 70 |

GUARDIAN AND WARD.—*Bond.*—*Liability Where no Penalty is Expressed.*— *Surety.*—Under section 2516, R. S. 1881, a guardian's bond is valid and enforceable, even as against a surety, although no penalty is expressed therein, and a recovery may be had for all losses resulting from any breach of the guardian's duty.

SAME.—*Infant Relator.*—*Poor Person.*—*Next Friend.*—Under section 260, R. S. 1881, an infant relator, without means, may be admitted to prosecute an action upon a guardian's bond as a poor person, and without the procurement of a next friend to appear therein, as required by section 256.

SAME.—*Non est Factum.*—*Admission of Bond in Evidence.*—Although a defendant denies under oath the execution of a bond in suit, and claims that it was delivered without authority, yet if his signature is admitted to be genuine, and it appears that the bond was taken, approved and filed by the clerk many years prior to the action, its admission in evidence is authorized.

EVIDENCE.—*Exclusion When Improperly Offered on Cross-Examination.*—*Error.* —*Practice.*—No available error can be predicated upon the exclusion of evidence improperly offered on cross-examination.

From the Montgomery Circuit Court.

*W. H. Thompson, J. West* and *W. B. Herod,* for appellant. *M. E. Clodfelter* and *T. E. Ballard,* for appellee.

Howk, J.—This is the second appeal to this court in this case. On the former appeal herein, the opinion and judgment of the court are reported under the title of *State, ex rel.,* v. *Britton,* 102 Ind. 214. We then held that, in the first paragraph of her complaint herein, plaintiff's relatrix, Mary L. Rowe, stated a cause of action amply sufficient to withstand defendant's demurrer thereto for the alleged insufficiency of the facts therein to constitute a cause of action. After the cause was remanded to the court below, defendant's demurrer to the first paragraph of complaint was overruled, in obedience to the mandate of this court. Defendant then answered in three paragraphs, of which the first stated a special defence, the second was a general denial of the first paragraph of complaint, and in the third paragraph of his answer he denied under oath his execution of the bond in suit. Relatrix replied by a general denial of the first paragraph of answer. The issues joined were tried by a jury, and a verdict was returned for plaintiff's relatrix, assessing her damages in the sum of $200; and, over defendant's motion for a new trial, the court rendered judgment on the verdict.

In this court, the only error assigned by defendant, Britton, is predicated upon the overruling of his motion for a new trial.

Plaintiff's relatrix sued herein upon a guardian's bond, alleged to have been executed by one Edward G. Rowe, as guardian of the persons and property of relatrix and others, minor heirs of Mary Rowe, deceased, and defendant Britton, as his surety therein. This bond is set out at length in our

opinion on the former appeal. It was imperfect, in that the obligors therein were "bound unto the State of Indiana in the sum of —— dollars," and was conditioned that "if the above bound Edward G. Rowe will faithfully discharge his duties as guardian of the persons and property of Henry Rowe, Mary L. Rowe, * * * minor heirs of Mary Rowe, deceased, then the above obligation is to be void, else to remain in force." In section 2516, R. S. 1881, in force since May 6th, 1853, it is provided as follows: "Such guardian's bond shall not be void on account of any informality, illegality, or defect, either formal or substantial, in the same; nor on account of any defect, informality, or illegality in the appointment of such guardian; but shall have the same force and effect as if such appointment had been legally made and such bond legally executed." In view of the provisions of this section of the statute, "touching the relation of guardian and ward," we held on the former appeal herein that a guardian's bond is valid and enforceable, even as against a surety therein, although no penalty whatever is expressed in such bond. In the opinion of the court, on the former appeal herein, after quoting such section of the statute, it is said: "This statute is as broad and comprehensive as it was possible for the Legislature to make it, and it makes all bonds effective, no matter what omissions are found to exist. It holds sureties liable for the faithful discharge of the duties of the guardian, and makes them responsible for losses arising from a breach of duty. The omission of the penalty does not invalidate the bond; notwithstanding its omission, the bond still holds the surety responsible for the acts of the guardian. The failure to prescribe the penalty leaves the surety's liability to be ascertained by determining the duty of the guardian and the loss resulting from the failure to perform it. The failure to name the penalty does not avoid the bond; it simply leaves the measurement of the recovery to be ascertained by finding the loss resulting from the failure to perform the duties enjoined by law."

.We have quoted thus liberally from our opinion on the former appeal herein for the purpose of showing that a guardian's bond, however defective it may be, is rendered valid and binding on both principal and surety by force of the provisions of section 2516, above quoted, for all losses resulting from any breach of the guardian's duty.

We proceed now to the consideration of the alleged errors of law occurring at the trial, of which defendant's learned counsel complain in their exhaustive brief of this cause.

It is shown by a bill of exceptions properly in the record that, while the relatrix was introducing her evidence in chief on the trial, she "admitted in open court, and before the jury empanelled to try said cause, that she was not twenty-one years of age." Thereupon, the defendant moved the court to dismiss this cause, on the ground that relatrix was a minor, and a minor could not be a relatrix, which motion was overruled by the court, and defendant excepted. Defendant then asked leave of the court to file an additional paragraph of answer, showing the minority of relatrix, and that the fact was unknown to him and his counsel until after the trial had begun; but such leave was refused by the court, and defendant excepted. Defendant then moved the court to require that relatrix should prosecute this suit by a responsible person appearing as her next friend, which motion was overruled by the court, and defendant excepted. These three rulings of the trial court relate to the same subject and present the same questions, and may be properly considered together.

It is manifest that each of these motions of defendant is founded upon the provisions of section 256, R. S. 1881, and the construction placed thereon by his counsel. In that section it is provided as follows: "Before any process shall be issued in the name of an infant who is a sole plaintiff, a competent and responsible person shall consent in writing to appear as the next friend of such infant; and such next friend shall be responsible for the costs of such action; and thereupon process shall issue as in other cases," etc.

Although this action was commenced, and properly so, in the name of the State of Indiana as plaintiff, yet the relatrix, Mary L. Rowe, was without doubt the real plaintiff herein; and if it were true, as claimed by defendant's counsel, that, under the provisions of section 256, above quoted, an infant, under the age of twenty-one years, could not be a relator in an action on a penal bond, payable to the State, under which he or she was a beneficiary, the sole reason therefor would be that he or she could not be a sole plaintiff in such an action unless and until a competent and responsible person should consent in writing to appear as his or her next friend therein. If the section quoted contained all the provisions of our civil code which had any bearing upon the rulings under consideration, there would be some grounds for defendant's contention that the court below had erred in those rulings. But there are other provisions of our civil code which, we think, strongly support the rulings of the trial court of which defendant complains.

Thus, in section 255, R. S. 1881, it is provided as follows: "When an infant shall have a right of action, such infant shall be entitled to bring suit thereon, and the same shall not be delayed or deferred on account of such infant not being of full age."

From the facts stated in the complaint of the relatrix herein, sustained as they were by the evidence in the record, she had a clear right of action against the defendant, which, under the statute, was not to be "delayed or deferred" on account of her not being of full age. It may be said, however, that there is nothing in the section last quoted which would excuse or prevent the relatrix herein from complying with the requirements of section 256, *supra,* by procuring the written consent of a competent and responsible person to appear in this action as her next friend. This is true, no doubt, as a general rule, but not, we think, as applied to this case as shown by the record thereof. It appears from the record that long before the trial of this cause, and before the

former appeal thereof to this court, upon a proper showing made by the relatrix, to the satisfaction of the court below, that she was a poor person, without sufficient means to prosecute this action, it was ordered by such court that she should be admitted to prosecute her suit herein as a poor person, and the court assigned her counsel to prosecute her cause, and required the officers of the court to do their duty in the case "without taking any fee or reward therefor from such poor person." This action of the court below was had under and pursuant to, and in strict conformity with, the provisions of section 260, R. S. 1881. In view of this action of the court, it can not be held that the court below erred in any of the rulings which we are now considering, or in refusing to require the relatrix to procure the written consent of a competent and responsible person to appear as her next friend herein. It would have entirely defeated the purpose of section 260, *supra,* and rendered nugatory the order of the trial court, pursuant thereto, admitting relatrix to prosecute this action as a poor person, if she had been required by the court to procure a. competent and responsible person to appear as her next friend in the prosecution of. this suit; for the provision of section 256, *supra,* is mandatory, which declares that " such next friend shall·be responsible for the costs of such action."

In *Hood* v. *Pearson,* 67 Ind. 368, it was held by this court in a carefully considered opinion, that, construing together the provisions of sections 256 and 260, *supra,* an infant plaintiff has the right, upon showing to the satisfaction of the proper court that he is a " poor person, not having sufficient means to prosecute his action," to be admitted by the court to prosecute the action " as a poor person," without the procurement of a next friend to appear therein. The case cited was approved and followed, upon the points under consideration, in *Wright* v. *McLarinan,* 92 Ind. 103, and we still adhere to it in the case at bar.

2. Defendant's counsel next insist very earnestly that the

court below erred in admitting the bond sued upon in evidence, without sufficient proof first made of his execution of such bond. This point is not well taken, and can not be sustained. Defendant admitted that his genuine signature was attached to the bond in suit, and his only contention was that he had never delivered such bond, nor authorized its delivery, to the clerk of the court below. It appeared from the bond itself that it had been taken, approved and filed by such clerk more than twelve years before the trial of this cause. Although defendant had denied under oath his execution of the bond sued upon, yet the evidence before the court, we think, fully authorized the admission of such bond in evidence.

3. Finally, it is claimed on behalf of defendant that the court below erred in excluding evidence tending to prove that, at the time he signed the bond in suit, he ordered the clerk of such court not to accept the bond, without another surety thereon, and that the clerk refused to accept such bond. Manifestly, this evidence was offered by defendant in support of his plea of *non est factum*, and for no other purpose. But it is shown by the record that defendant offered such evidence on his cross-examination of a witness introduced by relatrix in support of her cause of action. The evidence offered was not competent or legitimate, strictly speaking, on cross-examination; and we may well suppose that it was on this ground such evidence was excluded by the learned judge of the trial court. *Cincinnati, etc., R. W. Co.* v. *Lutes*, 112 Ind. 276, 284.

Defendant's motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed May 29, 1888.