The New York, Chicago and St. Louis Railroad Company v. Hammond.

Filed Oct. 26, 1892.

———◆———

No. 15,649.

THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY
v. HAMMOND.

RAILROAD.—*Right of Way.*—*Condemnation Proceedings.*—*Awards.*—*Liability for by Those Succeeding to the Rights of the Corporation.*—Where the appellant had acquired the property, rights and franchises of a railroad corporation which had condemned land for a right of way, and the appellant entered upon, used and occupied the land for the purposes for which it was condemned, it must be held to have adopted the original appropriation, and having adopted and ratified such appropriation, it is bound in equity to compensate the owners for the land ‘thus taken, and it is bound by the judgment in the condemnation proceedings against the corporation, through which it takes its title.

STATUTE OF LIMITATIONS.—*Six Years' Limitation Does not Run Against Judgments.*—The six years' statute of limitations does not run against a suit on the award and judgment of a court

EVIDENCE.—*Intention of Attorney.*—The purpose and intention of an attorney in prosecuting a suit are not admissible in evidence.

SAME.—*Deposition.*—*Striking out Remote and Immaterial Matter.*—It is not

error to strike matter out of a deposition which is too remote and wholly immaterial.

JUDGMENT.—*Finding in Specific Sum.*—The finding of the court for the plaintiff in a specific sum is not objectionable, as the specific amount is essential to enable the plaintiff to collect the money.

From the Carroll Circuit Court.

*J. B. Peterson, J. C. Nelson, Q. A. Myers* and *M. D. Fansler,* for appellant.

*D. C. Justice* and *L. Walker,* for appellee.

COFFEY, J.—The following material facts in this cause are alleged in the complaint. In the year 1881 The New York, Chicago and St. Louis Railway Company condemned and appropriated, by process of law, certain described land in Porter county, belonging to George H. Hammond and Marcus Towle, for the right of way for its road bed, side tracks and water tanks. Without the payment of the awards for damages it took possession of the land so condemned and appropriated and constructed its road over the same.

Towle assigned and transferred his interest in the awards to Hammond, who in like manner transferred the whole of the awards to appellee. Prior to the condemnation and appropriation above mentioned the railway company had executed a mortgage to the Central Trust Company of New York, to secure the payment of a large amount of bonds executed by the company. In the year 1887 the mortgage was foreclosed and the property of the railway company sold under such decree of foreclosure. By means of this sale, and various transfers and consolidations of railroad companies, the appellant became the owner of all the property, rights and franchises of The New York, Chicago and St. Louis Railway Company, and now owns and holds the same. The appellant is now and has been ever since it became the owner of the property in the possession of the lands condemned and appropri-

ated, using it for the purposes for which it was appropriated. It is alleged that The New York, Chicago and St. Louis Railway Company is insolvent.

To the complaint setting forth the foregoing facts the court overruled a demurrer filed on behalf of the appellant.

In addition to the general denial the appellant answered:

*Second.* Payment.

*Third.* The two years' statute of limitations.

*Fourth.* The six years' statute of limitations.

*Fifth.* That prior to the act of filing the instrument of appropriation Hammond and Towle and The New York, Chicago and St. Louis Railway Company, for mutual considerations moving between them, agreed that the construction and location of the line of road, as set up in the answer, should be a full payment and discharge of the awards to be made thereafter; that such award was to be made to give others interested an idea of the value of the land so to be given by Hammond and Towle, the then owners of the land; that the railway company fully performed all the conditions and stipulations of said agreement on its part.

The court sustained a demurrer to the third and fourth paragraphs of the answer, and issues being joined, a trial of the cause, by the court, resulted in a finding and judgment for the appellee.

It is insisted by the appellant that the circuit court erred:

*First.* In overruling its demurrer to the complaint.

*Second.* In sustaining a demurrer to its fourth paragraph of answer.

*Third.* In overruling its motion for a new trial.

We are of the opinion that the court did not err in overruling the demurrer of the appellant to the complaint. When the appellant, upon acquiring the property, rights and franchises of the corporation condemning the land

for right of way, entered upon, used and occupied the land for the purposes for which it was condemned, it must be held to have elected to adopt the original appropriation. Having adopted and ratified such appropriation it is bound in equity and good conscience to compensate the owners for their land thus taken. It is bound by the judgment against the corporation through which it takes its title, and must pay for the land the price fixed by the award and judgment in the proceedings to condemn. Indeed the question now under discussion does not seem to be an open one in this State. *Lake Erie, etc., R. W. Co.* v. *Griffin*, 92 Ind. 487; *Lake Erie, etc., R. W. Co.* v. *Griffin*, 107 Ind. 464.

It is conceded by the appellant that the court did not err in sustaining a demurrer to the third paragraph of the answer, but it is insisted that the court erred in sustaining a demurrer to the fourth paragraph setting up the six years' statute of limitations. We do not think the court erred in sustaining a demurrer to this answer.

The purpose of this action, as we understand it, was to enforce the award and judgment of the court rendered in the condemnation proceedings against the appellant upon the ground that it had adopted and ratified such award and judgment.

To such an action the six years' statute of limitations has no application.

Issue was joined on the fifth paragraph of the answer, and a trial of that issue resulted in a finding and judgment against the appellant. We can not say that the evidence was of such a character as to preclude such a finding and judgment. The burden of the issue was upon the appellant, and after a careful reading of the evidence we are not prepared to adjudge that the finding of the circuit court has no evidence to support it.

Nor do we think the court erred in refusing to allow Mr. Peterson to testify as to his purpose and intention in

bringing the condemnation proceedings under which the award and judgment in question were made. The agreement, if any was made, between the company instituting the proceeding and the owners of the land to be condemned was material, but the private intention of the attorney who prosecuted the proceeding could not, by any possibility, we think, throw any light upon the questions in issue between the parties to this suit. All the facts in relation to the controversy, known to the witness, were fully stated by him, and the case does not belong to that class in which the intentions of the party are material.

The court did not err in striking out parts of the deposition of James M. Young. The matter struck out and suppressed was too remote, and was wholly immaterial.

Finally, it is insisted by the appellant that the finding of the circuit court to the effect that the appellee was entitled to a judgment for a given sum is clearly erroneous.

The finding, we think, is unobjectionable.

As a basis for either a judgment or decree which would enable the appellee to collect the money, due it for land appropriated, it was necessary to find the amount due. The court found that a sum equal to the original awards with the interest thereon was due the appellee. The question as to whether the court should have rendered a decree or a personal judgment is not before us for the reason that no objection was made to the form of the judgment in the circuit court. *City of Greenfield* v. *State, ex rel.*, 113 Ind. 597.

After a careful examination of all the questions discussed by counsel in their able briefs, we have been unable to find any error for which the judgment should be reversed.

Judgment affirmed.

Filed October 13, 1892.