JOHN RUSHER *v.* STATE OF INDIANA.

[No. 470S92. Filed June 16, 1971. Rehearing denied August 3, 1971.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth M. McDermott,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of theft from a coin operated machine. His defense was one of entrapment. The State's witness, the arresting police officer, testified that he saw the defendant take the money in question and that the defendant's clothing and the money taken from him after the arrest revealed traces of ultra-violet powder with which the coins and coin box had been dusted in preparation for the "stake-out" which he, the officer, had helped to plan and wherein the defendant had been caught. The police officer, on cross-examination, testified that he was acquainted with one Gary Stevens, having met him on one occasion at the police headquarters, approximately six weeks prior to the theft, in the company of representatives of Auto-teria, the victimized company. Another State's witness, a Mr. Amy, who was an associate of Auto-teria, testified on direct examination that the money belonged to his company and that he had not given the defendant or his co-defendant permission to take it. On cross-examination he testified that immediately after the arrest of the defendants, he accompanied them and the arresting officer to police headquarters, that his father, brother, several police officers, and the aforenamed Gary Stevens were also there. He also acknowledged that he had had a prior acquaintance with Stevens, and at this point the following question was asked of him: "And, is it not a fact, Mr. Amy, that on or about the

1st of November, 1967, at an Auto-teria Car Wash, in the fifty-three hundred block of Winthrop Avenue, in Indianapolis, Indiana, you apprehended this same Gary Stevens?" The court sustained the prosecuting attorney's objection to this question upon the grounds that it was outside the scope of the direct examination. Defense Counsel contended that the circumstances hereinbefore related disclosed an involvement of Stevens and the circumstances surrounding the crime.

Defendant by his brief, argues that the trial court unduly restricted his cross-examination of the witness, Amy, and that, had he been permitted to answer the question, his answer would have revealed a scheme of entrapment. He cannot prevail on his point. The question was clearly outside the scope of Amy's testimony on direct examination. In general the cross-examination of a witness should be limited to the subject matter of his examination in chief. *Hicks* v. *State* (1937), 213 Ind. 277, 11 N. E. 2d 171.

A party may not make out his defense or rebuttal by cross-examining witnesses as to matters not within the scope of their direct examination. *Britton* v. *The State, ex rel. Rowe* (1888), 115 Ind. 55, 17 N. E. 254.

The defendant's evidence was limited to the testimony of one Gary Stevens, who testified that he had been in the employ, at various times, of both the defendant and the victimized company, Auto-teria, and that upon an occasion approximately six weeks prior to the theft by the defendant he had himself been caught by Amy in the act of stealing coins from the Auto-teria Company. Upon this occasion, so testified Stevens, Amy suggested to him that he participate with him in a plan to induce the defendant to steal from Auto-teria, in order that he could be apprehended. Stevens related an elaborate scheme, originated by Amy, by which they would get proper keys into the defendant's possession and encourage him to commit the theft. He further testified that he agreed to go along with the plan upon Mr. Amy's agreement to overlook his offense, that

they did in fact carry it out, and that it resulted in the theft for which the defendant was charged.

Upon cross-examination of Amy, following the exclusion of the aforementioned testimony held to be outside the scope of his direct examination, he testified as follows:

"Q. Mr. Amy, did you, at any time, give the key marked as State's Exhibit '#1', with the marking GR7112 to this individual named Gary Stevens?

A. I returned that key to Gary Stevens.

Q. And did you tell Gary Stevens to give the key to John Rusher.

A. No, I gave him no instructions as to what to do with the key."

"Q. Is it not a fact, Mr. Amy, that you, together with Gary Stevens, planned to put the key in the possession of John Rusher, and encourage him, through Gary Stevens, to steal from Auto-teria at Georgetown Road?

A. I could not plan to put in his possession a key that was already in his possession, and there was no collusion, in any way, between Gary Stevens and I.

THE COURT: You missed his question.

A. I'm sorry.

THE COURT: He wants to know, if you urged this fellow, Rusher, to steal from you?

A. No, sir, I did not."

Defendant has devoted a large portion of his argument here to the alleged entrapment, presumably under the specification of his motion to correct errors addressed to the sufficiency of the evidence. Assuming arguendo that the testimony of Stevens established, prima facie, the defense of entrapment, his testimony was, nevertheless, contradicted by Amy.

As this Court has said on numerous occasions, we will not weigh the evidence nor determine the credibility of the witnesses. *Kirk* v. *State* (1970), 254 Ind. 54, 257 N. E. 2d 304; *Leaver* v. *State* (1968), 250 Ind. 523, 237 N. E. 2d 368.

"When the question of the sufficiency of the evidence is raised, this Court will consider only that evidence most favorable to the State, together with all the reasonable inferences to be drawn therefrom to determine whether the jury (trier of the facts) was warranted in returning a verdict of guilty. * * * On appeal this Court will not weigh the evidence nor will it determine the credibility of the witnesses." *Powell* v. *State* (1970), 254 Ind. 200, 258 N. E. 2d 633.

Finding no error, the judgment of the trial court is affirmed.

Arterburn, C.J., Givan, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 270 N. E. 2d 748.