DONALD RAY POTTER *v*. STATE OF INDIANA.

[No. 1170S262. Filed November 12, 1971. Rehearing denied January 10, 1972.]

*Frederick J. Graf*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was tried upon a charge by affidavit of the offense of Robbery under 1956 Repl., Burns Ind. Stat. Ann. § 10-4101, Acts of 1941, ch. 148, § 6, I.C. 1971, 35-13-5-6. He was convicted of the lessor included offense of theft from the person under 1956 Repl., Burns Ind. Stat. Ann. § 10-3030, Acts of 1963 (Spec. Sess.) ch. 10, § 3, I.C. 1971, 35-17-5-3, and was sentenced to imprisonment for not less than one nor more than ten years and disfranchised for a period of ten years.

The questions presented upon appeal are:

1. Insufficiency of the evidence upon the issue of identification.

2. Insufficiency of the evidence to establish the venue of the crime in Marion County, Indiana, where Defendant was tried.

3. An error at law in sustaining the State's objection upon recross-examination of its principal witness and relating to the venue of the action; and

4. An error at law in overruling Defendant's objection to a question, the answer to which resulted in establishing the fact that one Ronald Louis Proffitt, charged with Defendant in the same affidavit but tried separately, was a fugitive at the time of Defendant's trial.

They will here be considered in the same order.

1. Defendant urges that the identification of the defendant by the prosecuting witness was insufficient, as a matter of law, because it made no mention of tatoos upon the defendant's arms, because the story of the evening's events as related by him was "unbelievable" and "fantastic," and because Defendant denied it and offered two alibi witnesses.

With reference to both points 1 and 2, and as has been said many times, when the sufficiency of the evidence is raised on appeal, this Court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences that may be drawn therefrom. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706.

This Court, on appeal, will not weigh the evidence or determine the credibility of witnesses. *Fuller* v. *State, supra; Rusher* v. *State* (1971), 256 Ind. 520, 270 N. E. 2d 748.

The conviction will be affirmed if, there is substantial evidence of probative value from which the trier of the fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Fuller* v. *State, supra; Gibson* v. *State, supra.*

We find nothing inherently "unbelievable" or "fantastic" in the testimony of the prosecuting witness. He unequivocally identified Defendant as his assailant, and under the circumstances and the authority of the foregoing cases, we are neither required nor permitted to consider the conflicting evidence or inferences.

2. The crime charged was committed in an automobile which had been driven, during the nighttime, some distance from a point in Indianapolis where the prosecuting witness and the defendant had met earlier in the evening. The witness was not the driver of the automobile and at that time did not know his exact whereabouts. On the first day of the

trial, the prosecutor attempted to prove the venue by this witness who, after describing the area where the crime occurred, was unable to say with certainty that it was within the boundaries of Marion County. At the conclusion of this witness' testimony, court was adjourned until the following day, at which time the witness was recalled and testified that after adjournment of the trial on the preceding day, he went to the scene of the crime, at the request of and in the company of investigating officer Stiko and there verified that it was in fact within such boundaries. Defendant contends that venue was not proved beyond a reasonable doubt because the witness did not know exactly where he was at the time the offense was committed and further was uncertain as to the county upon the day he first testified. It is elementary that the issue in this regard is whether or not the offense was committed in Marion County and not what the prosecuting witness knew with respect to venue at any given time. When the determination was made is immaterial. It was within the sound discretion of the trial judge to permit the prosecuting witness to be recalled for this purpose. Being properly before the jury on recall, his testimony was entitled to be considered the same as it was upon his first appearance.

3. As previously stated, the prosecuting witness was recalled after having been examined and cross-examined on the preceding day. His sole testimony on this recall related to having revisited the scene of the crime and verified that it lay within Marion County, Indiana. On recross-examination, the following questions and answers were presented:

"Q. Mr. Spear, now your testimony is that the robbery actually took place in the automobile, is that correct?

A. I handed my billfold to him before I got out of the car.

Q. So the actual robbery took place in a moving automobile, is that correct?

A. No, the car was stopped.

Q. Were you forced to take your clothes off while the automobile was moving?" (Tr. p. 251)

At this point the prosecutor objected to the line of questioning as being outside the scope of direct or re-direct examination. The trial court sustained this objection. The defendant insists that by such cross-examination he was merely attempting to refute the State's evidence of venue. We cannot agree. The issue here was the point at which the robbery occurred and not whether or not the prosecuting witness was required to disrobe or where such disrobing occurred. In general, the cross-examination of a witness should be limited to the subject matter of his examination in chief. *Hicks* v. *State* (1937), 213 Ind. 277, 11 N. E. 2d 171.

A party may not make out his defense or rebuttal by cross-examining witness as to matters not within the scope of direct examination. *Rusher* v. *State, supra; Britton* v. *The State, ex rel. Rowe* (1888), 115 Ind. 55, 17 N. E. 254.

The question was clearly outside the scope of the prosecuting witness' re-direct examination, and the trial court was justified in excluding it.

4. Another Defendant, Ronald Louis Proffitt, was also charged by the affidavit. Upon direct examination of Officer Stiko, he testified that the prosecuting witness had made an out of court identification of the defendant and Proffitt as the persons who robbed him and that he thereupon had obtained an arrest warrant for both Defendant and Proffitt. The prosecutor next asked the witness "Where is Mr. Proffitt?", to which the defendant objected as being "irrelevant and immaterial." The court overruled the objection and the witness answered: "Mr. Proffitt is a fugitive at this time, his whereabouts is unknown." It is Defendant's contention that flight, being evidence of consciousness of guilt, the guilt of Proffitt, thus evidenced, was by association and implication imputed to the defendant. It is a well established rule in this state, that a party dissatisfied with a ruling of the court upon the admission of testimony must, for the information of the court, state specifically his objections to the admission of the testimony; and a statement that the same

is "irrelevant and immaterial" is too indefinite and uncertain to be recognized as an objection and presents no question for consideration on appeal, unless the evidence offered is probably not admissible for any purpose or under any circumstances. *Kennedy* v. *State* (1935), 209 Ind. 287, 196 N. E. 316; *Williams* v. *State* (1907), 168 Ind. 87, 79 N. E. 1079.

The evidence objected to may come close to being "probably not admissible for any purpose or under any circumstances," as it is difficult to see where the present whereabouts of Proffitt would bear on the issues of the case. However, viewing the trial as it unfolded before the trial judge and jury we cannot say that it was apparent, at that time, that the evidence could not under any circumstances be admissible for any purposes. To some extent, the defendant may have contributed to the error, if it was in fact error. The question asked was objectionable, inasmuch as it had not been shown that the witness knew the whereabouts of Proffitt. If the defendant had interposed this objection it would have been determined that the witness did not know there whereabouts of Proffitt and the objectionable question either would not have been asked or if it had been, it unquestionably would have been excluded on objection. In any event, we do not share the view of the defendant that the question and answer were harmful. True, it has been held that flight is evidence of a consciousness of guilt. However, we cannot ascribe to the jury such a lack of objective reasoning ability as would permit it to impute guilt of one defendant from a mere inference of guilt of a co-defendant. We therefore hold that if the admission of the questionable testimony was in fact error, it was nevertheless harmless.

The judgment of the trial court is affirmed.

Arterburn, C. J., Givan and Hunter, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 274 N. E. 2d 699.