LOUIS SKAGGS v. STATE OF INDIANA.

[No. 1171S343. Filed March 29, 1973.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from a conviction of violation of the Indiana Dangerous Drug Act. Appellant was sentenced to the Indiana Reformatory for an indeterminate period of one to ten years.

The record reveals the following evidence:

Roger Karch, an elementary school art teacher, testified that prior to July 31, 1970, he volunteered to do undercover drug work for the Evansville Police Department. Karch was instructed that he could use marijuana from time to time to maintain his cover.

On July 31, 1970, Karch went to Haynie's Corner in Evansville where he contacted a 12 year old boy and indicated to him he wanted some "speed." The boy told him that Louis Skaggs, the appellant herein, would sell him "speed." The 12 year old boy and an older boy took Karch to a house where

the appellant was living. At about 11:00 P.M. Karch and one of the boys went to the door and knocked. A man subsequently identified as the appellant answered the door. The boy told the appellant that Karch wanted four "speed" capsules. Appellant went inside the house and returned with four capsules. Karch gave the appellant $4 in exchange for the capsules. Karch returned to his home and placed the four capsules in a container with a note telling where, when and from whom they were purchased. The next evening Karch gave the four capsules in the container with the note to Sgt. Chaffin of the Evansville Police Department, who in turn took them to the Indiana State Police lab where the capsules were analyzed and found to contain amphetamines. They were further identified as a Strassenburg product called bi-phetamine which contains 12½ milligrams of amphetamine.

Appellant's fiancee, Judy Peck, testified that she and appellant were living together, and that during the night in question she did not hear anyone come to the door. She admitted, however, on cross-examination that she might have been in the bathroom and unable to hear a knock at the door.

The appellant testified that he had a prescription for 20 milligram bi-phetamine capsules but had no prescription for the 12½ milligram capsules.

Appellant also stated that Karch did not come to his door on July 31, 1970.

During the course of the trial the Evansville Courier contained an article concerning the trial. The court bailiff testified that he took a copy of the paper containing the article into the jury room. Five of the jurors stated that they had seen the article, and three of the five stated they had read it. Apparently the only thing stated in the article which had not been placed before the jury in evidence was a statement by Karch that the reason he volunteered to do undercover work

for the police was that "he thought it was the moral thing to do."

Appellant first argues that the verdict of the jury was not sustained by sufficient evidence. It is appellant's claim that the State failed to introduce evidence of probative value that amphetamine is on the list of drugs compiled in accordance with 21 U. S. C. § 321(V). (Now 21 U. S. C. § 812).

BURNS' IND. STAT. ANN., 1972 Supp., § 35-3332(j) reads as follows:

"(j) 'Dangerous drug' means (1) any drug the label of which is required by federal law to bear the statement: 'Caution: Federal law prohibits dispensing without a prescription'; (2) any drug which, because of its toxicity or other potentially for harmful effect, or the method of its use, or the collateral measures necessary to its use, is not safe for use except under the supervision of a practitioner licensed by law to prescribe or administer such drug; or (3) a new drug which is limited by an effective application under state law to use under the professional supervision of a practitioner licensed by law to prescribe or administer such drug; (4) any hallucinogenic, psychedelic, psychogenic drug or substance including but not limited to cannabis or lysergic acid diethylamide, commonly known as LSD; or (5) any drug appearing on the lists of drugs under schedules I, II, III and IV of the Controlled Substances Act, 21 U. S. C. sec. 812, Pub. L. no. 91-513, sec. 202(c), and any drugs included therein by duly promulgated regulation; (6) any substance which the state board of pharmacy, after reasonable notice and hearing, shall by promulgated rule determine has qualities similar to that of any dangerous drug."

It is true the State did not submit evidence that the contents of the capsules introduced in evidence were on the list of dangerous drugs; however, State's Instruction No. one which was given to the jury by the court reads as follows:

"The Court instructs you that Indiana Law defines 'Dangerous Drug' to mean any drug the label of which is required by Federal Law to bear a statement: 'Caution: Federal Law prohibits dispensing without a prescription.' Burns 35-3332J(1).

"The Court further instructs that Federal Law requires that any drug containing amphetamine must have a label bearing the statement: 'Caution: Federal Law prohibits dispensing without a prescription.'

"21 U. S. C. § 321, § 331Q, 333, 352(d), 353, 360a; Codes of Federal Regulations, Title 21, Part 320 to end."

It is sufficient that the court take judicial notice of the law and so instruct the jury. *State ex rel. Fry* v. *Superior Court of Lake County et al.* (1933), 205 Ind. 355, 186 N.E. 310; *Taggart* v. *Keebler* (1926), 198 Ind. 633, 154 N. E. 485.

Appellant next contends the trial court erred in allowing Harold Chaffin to testify as to a conversation he had with Mr. Karch outside the presence of the appellant. Appellant cites *Wells* v. *State* (1970), 254 Ind. 608, 261 N. E. 2d 865, 22 Ind. Dec. 573 and *Pennebaker* v. *State* (1971), 256 Ind. 524, 270 N. E. 2d 756, 26 Ind. Dec. 31. However, the case at bar may be distinguished from the two cases cited. In each of those cases the declarant in the conversation was not available for cross-examination, whereas in the case at bar Chaffin was the declarant. We, therefore, hold that it was not error for the court to allow Chaffin to testify concerning his instructions to Karch.

Appellant next contends the trial court erred in admitting evidence that Sgt. Chaffin had told Karch he had permission to smoke marijuana when necessary to maintain his cover. It is appellant's position that such testimony was self-serving to the State and not admissible. We do not agree with the appellant that this evidence was within the definition of a self-serving declaration. BLACK'S LAW DICTIONARY 496 (4th ed. 1951) describes a self-serving declaration as

"One made by a party in his own interest at some time and place out of court;—not including testimony which he gives as witness at the trial."

Appellant cites the case of *Keener School Township* v. *Eudaly* (1931), 93 Ind. App. 627, 175 N. E. 363. That case

was an action to set aside a teacher's dismissal. Evidence of a conversation in the teacher's absence which might have shown good faith on the part of the school authorities was excluded as a self-serving declaration. However, in the case at bar we do not have a self-serving declaration. The evidence that a police official purported to give Karch permission to use marijuana to facilitate his undercover work is a statement of fact submitted by the State in anticipation of an attack on the credibility of Karch as a witness. We do not see this statement as a statement made by a State official in the interest of the State out of court. It is merely a recitation of one of the facts under which Karch was working for the police department. We, therefore, hold the court did not err in allowing such testimony.

Appellant next contends that he was denied a fair trial in that some of the jurors had read the newspaper article above referred to which was brought into the jury room by the bailiff. The record shows that upon discovery of the fact that the paper had been taken by the bailiff into the jury room and after ascertaining that some of the jurors had seen and read the article, the trial court admonished the jury that they were to decide the case solely on the evidence introduced in the court room, and that they were to disregard anything they may have read in the newspaper or acquired through any other means other than evidence submitted in the trial. In addition, the court individually questioned each juror who stated he had read the article and specifically asked each of them if he would abide by the court's admonitions and disregard the article he had read. Each juror answered that he could so conduct himself in arriving at a decision. This Court has held that to be reversible error it must be shown that the jury was influenced by the newspaper article. *Harris* v. *State* (1967), 249 Ind. 681, 231 N. E. 2d 800, 12 Ind. Dec. 279; *Wilson* v. *State* (1966), 247 Ind. 454, 217 N. E. 2d 147, 8 Ind. Dec. 485. The question before the Court is, therefore, whether or not the

newspaper article contained matters so prejudicial to the appellant that the admonition of the trial court could not cure such prejudice. As previously stated in this opinion, the only statement contained in the article which had not been submitted to the jury in evidence was a statement by Karch that he had agreed to work for the police department because "he thought it was the moral thing to do." It is true that such a statement would have been improper on direct examination. *Kavanagh* v. *Butorac* (1966), 140 Ind. App. 139, 221 N. E. 2d 824, 9 Ind. Dec. 538; *New York, Chicago & St. Louis Railroad Co.* v. *Hammond* (1892), 132 Ind. 475, 32 N. E. 83. However, even though the evidence would not have been admissible had it been submitted at the trial, it is of such small consequence and so remote to the issues before the jury that we fail to see how it could be so prejudicial as to require a reversal notwithstanding the admonition to the jury of the trial court. In an analogous situation, this Court has ruled:

> " '. . . "Where improper evidence has been admitted over objection and the trial court subsequently withdraws such evidence from the consideration of the jury, it will be presumed that the error has been cured, unless the contrary is made to appear." . . .' " *Ward* v. *State* (1965), 246 Ind. 374, 379, 205 N. E. 2d 148, 5 Ind. Dec. 1.

We, therefore, hold the trial court's admonition to the jury under the circumstances in this case was sufficient to cure the error.

Appellant next contends the trial court erroneously allowed the State to go into the substance of prior convictions admitted by the appellant on the witness stand. The record shows that on cross-examination the appellant acknowledged several prior convictions. On re-direct examination appellant's counsel asked if he had pleaded guilty in those cases. Appellant answered that he had pleaded guilty because he was guilty of the previous crimes but not guilty of the charge at bar. On re-cross-examination the State's attorney asked questions which tended to show that appellant had in

fact in one case pleaded guilty to third degree burglary as a lesser included offense to the crime actually charged, second degree burglary. There is no question but what having taken the stand the appellant was subject to limited cross-examination as to his prior convictions. *Ashton* v. *Anderson* (1972), 258 Ind. 51, 279 N. E. 2d 210, 29 Ind. Dec. 364. Initially the witness may only be questioned as to whether or not he had been convicted of a particular crime. Ordinarily, details of prior convictions should not be explored. However, in the case at bar the appellant's attorney (exercising his prerogative as a defense counsel, which we do not question), chose to go into the circumstances of prior convictions. The door having thus been opened for re-cross-examination, it was proper for trial court to permit the State to further question the appellant concerning his statements explaining the plea which he had entered in the prior trials. We hold the trial court did not abuse its discretion in permitting the State such latitude on cross-examination. See *Sherwood; Sayer* v. *State* (1960), 241 Ind. 215, 170 N. E. 2d 656.

We find no error in the record before us.

The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 293 N. E. 2d 781.