STATE OF INDIANA *v.* CHARLES CLINE.

[No. 1-473A67. Filed October 29, 1973.]

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, *Malcolm H. Aukerman,* Prosecuting Attorney, *Charles J. Eusey,* Deputy Prosecuting Attorney, of Newport, for appellant.

*Jack H. Mankin,* of Terre Haute, for appellee.

LYBROOK, J.—Defendant-appellee Cline was charged by indictment with sale of a dangerous drug, to-wit: amphetamine. From the judgment of the trial court sustaining Cline's motion to quash, the State appeals.

Cline's motion to quash alleges, in substance, that (1) the facts stated in the indictment do not constitute a public offense and (2) the indictment does not state the offense with sufficient certainty. In his memorandum, Cline contended that amphetamines were not included in the definitions of drugs under the Uniform Narcotic Drug Act, (Burns 10-3519). He further argued that if amphetamines were assumed to come within one of the definitions of narcotic or dangerous drugs then the indictment was defective for failure to state the offense with sufficient certainty since it failed to describe the derivation of amphetamines.

The indictment charged Cline under the Dangerous Drug Act rather than the Uniform Narcotic Drug Act. The relevant sections of IC 16-6-8-2(j), Ind. Ann. Stat. § 35-3332(j) in effect at the time of the offense read as follows:

"(j) 'Dangerous drug' means

    (1) any drug the label of which is required by federal law to bear the statement: 'Caution: Federal law prohibits dispensing without a prescription';

    (2) any drug which, because of its toxicity or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use, is not safe for use except under the super-

vision of a practitioner licensed by law to prescribe or administer such drug; or

\* \* \*

(5) any drug appearing on the consolidated list of DACA drugs compiled in compliance with the drug abuse control amendments of 21 U.S.C., sec. 321 subsec. (v), P.L. 89-74, sec. 3(a), or any supplement thereof."

In *Skaggs* v. *State* (1973), 260 Ind. 180, 293 N.E.2d 781 appellant's conviction for unlawful sale of amphetamines was affirmed. The trial court instructed the jury that Federal Law required ". . . that any drug containing amphetamine must have a label bearing the statement: 'Caution: Federal Law prohibits dispensing without a prescription.' "

Our Supreme Court approved the instruction, stating that "It is sufficient that the court take judicial notice of the [Federal] law and so instruct the jury."

In *LaDuron* v. *State* (1953), 157 Ind. App. 189, 299 N.E.2d 227 amphetamines were held to be dangerous drugs as a matter of law.

In *State* v. *Doane* (1973), 299 N.E.2d 185, in a situation nearly identical to that in the case at bar, it was stated that the trial court erred in failing to take judicial notice of the content of the Federal Law referred to in the Indiana Statute.

Under the foregoing it is clear that amphetamines are incorporated within the definition of dangerous drugs under the Indiana Statute, and the trial court was in error in sustaining the motion to quash.

The State also argues that the trial court should have fully stated its reasons for granting Cline's motion to quash the indictment. We are unable to find any authority in the Rules of Procedure supporting State's contention and must conclude that this omission was not error. To hold otherwise would constitute an invasion of the rule making power of our Supreme Court.

Judgment reversed and cause remanded with instructions to proceed in a manner not inconsistent with this opinion.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 302 N.E.2d 534.