Arnis Junior WALKER, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1081S299.

Supreme Court of Indiana.

Dec. 16, 1982.

Susan K. Carpenter, Public Defender, Jay Rodia, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Arnis Junior Walker, was convicted by a jury of robbery while armed, a Class B felony, Ind.Code § 35-42-5-1 (Burns 1979) and theft, a Class D felony, Ind.Code § 35-43-4-2 (Burns 1979). He was sentenced to the Indiana Department of Correction for concurrent terms of twelve years and one year. In this direct appeal, he raises the following three issues:

1. Whether the trial court properly exercised its discretion in limiting the scope of the recross examination of one witness;

2. Whether defendant was denied the effective assistance of counsel; and

3. Whether his conviction was supported by sufficient evidence.

A summary of the facts from the record most favorable to the state shows that on March 10, 1980, at about 9:30 p.m., a black

man entered the Citgo Quick Mart in South Bend, Indiana, and pointed a gun at the cashier, Ann Stoetzel. He ordered her to give him all of the money in the cash register and not to press the silent alarm. Stoetzel complied with these orders. Then defendant turned to another woman who was in the store, Susan Bazyk, and told her to give him the keys to her truck which was parked outside. Bazyk handed him the keys and the man took the money and the keys, ran out the door, and drove off in the truck. The man was wearing a stocking cap pulled over part of his face but his eyes and mouth were visible. Both victims were able to positively identify defendant as the perpetrator of the crime from a series of photographs which each viewed separately. Both women had been able to give a detailed description to the police of the robber's appearance subsequent to the crime.

## I.

Defendant first contends that the trial court abused its discretion in limiting the scope of the recross examination of the witness, Susan Bazyk. During the cross and recross-examinations of this witness, several questions were asked about the photographic display which she was shown on March 25, 1980. The questioning probed her recollection of that event. Then defendant asked the witness whether the police had ever conducted a live lineup. The state objected that this question was outside the scope of the redirect examination and this objection was sustained.

It is well settled that the scope of cross-examination is limited to the subject matter covered in direct examination and the scope of recross-examination is limited to the scope of redirect examination. *Dean v. State,* (1980) Ind., 398 N.E.2d 1270; *Skaggs v. State,* (1973) 260 Ind. 180, 293 N.E.2d 781; *Potter v. State,* (1971) 257 Ind. 370, 274 N.E.2d 699. Here, the question about a lineup was clearly outside the scope of the redirect examination over the photographic identification, and the trial court was justified in excluding it.

## II.

Defendant next contends that he was denied his Sixth Amendment right to the effective assistance of counsel. He claims that his attorneys failed to adequately investigate the possibility that he had an alibi defense and did not present an alibi defense on his behalf. The court did listen to evidence on this issue at the hearing on defendant's motion to correct errors. Defendant's trial counsel, Edward Hilgendorf, testified that he had several discussions with defendant prior to trial and defendant had never mentioned any alibi witnesses. Hilgendorf further testified that he had also discussed the case thoroughly with defendant's original counsel and had specifically asked her if it would be necessary to file a notice of alibi. She said that defendant did not have an alibi and that he had told her that he was not sure where he was that day. Defendant now claims that he told both attorneys he had alibi witnesses, but they each told him that the witnesses would not be of any assistance in his defense because they were family members.

Regarding competency of counsel, it has been more than frequently stated by this Court that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Hollonquest v. State,* (1982) Ind., 432 N.E.2d 37; *Lindley v. State,* (1981) Ind., 426 N.E.2d 398; *Jones v. State,* (1978) 270 Ind. 141, 387 N.E.2d 440. Incompetency of counsel revolves around the particular facts of each case and the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard. *Darnell v. State,* (1982) Ind., 435 N.E.2d 250; *Crisp v. State,* (1979) Ind., 394 N.E.2d 115. Deliberate choices made by counsel for some contemplated tactical or strategic reason do not establish ineffective assistance of counsel. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. *Morris v. State,* (1980) Ind., 409 N.E.2d 608; *Hollon v. State,* (1980) Ind., 398 N.E.2d 1273.

From the record before us, it was not clearly established that defendant's attorneys were ever informed prior to the trial that he wished to present an alibi defense. Furthermore, both attorneys had thoroughly discussed the case with defendant, and any decision not to call potential alibi witnesses because of their status as family members was a matter of trial strategy which we will not second-guess. The record further shows that the two victims positively identified defendant as the perpetrator of the crime. Defendant has not shown that he was denied adequate assistance of counsel under the facts of this case.

### III.

Defendant finally contends that the evidence is not sufficient to support his convictions. He claims that the victims did not sufficiently identify him because they had not been able to see his entire face during the crime and they originally identified him from a photographic display rather than a lineup.

In considering the sufficiency of the evidence, it is well settled that as a court of review, we will neither reweigh the evidence nor judge the credibility of witnesses. Rather, we look only to that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the judgment will not be overturned. *Fielden v. State,* (1982) Ind., 437 N.E.2d 986; *Duffy v. State,* (1981) Ind., 415 N.E.2d 715; *Wofford v. State,* (1979) Ind., 394 N.E.2d 100. This Court has held many times that a conviction may be sustained by the uncorroborated testimony of one witness. *Sheckles v. State,* (1980) Ind., 400 N.E.2d 121; *Williams v. State,* (1978) 267 Ind. 700, 373 N.E.2d 142; *Webb v. State,* (1977) 266 Ind. 554, 364 N.E.2d 1016.

In the instant case, the two victims were able to describe the physical appearance of the robber in detail as to his height, complexion, lack of facial hair, and the clothes he was wearing. They viewed the robber in a well-lighted store for a period of several minutes. They unequivocally identified defendant from a photographic display and also made a positive in-court identification. This was substantial evidence of probative value to support the jury's verdict.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.