### BUSCH v. STATE OF INDIANA.

[No. 24,487. Filed January 6, 1926.]

1. INTOXICATING LIQUORS.—*Affidavit charging violations of various sections of Prohibition Law of 1917 in language of statute sufficient.*—Affidavit charging violations of the Prohibition Law of 1917 in the language of the various sections defining the several offenses was sufficient. p. 175.

2. INTOXICATING LIQUORS.—*Affidavit charging offenses defined in Acts 1923 p. 70 was sufficient without denying that the offense charged was within the exception stated therein.*—An affidavit charging any of the offenses defined in §4 of the Prohibition Law of 1917, as amended Acts 1923 p. 70, was sufficient without alleging that the offense was not within the exception "except as in this act provided," since, if the defendant was within the exception, that was a matter for him to show by affirmative proof. p. 176.

3. CRIMINAL. LAW.—*Voluntary statements made by defendant in city court may be proved against him on appeal to the circuit court, but not where the statements were made in response to questions by the judge.*—On appeal from a conviction in a city

court, admissions or statements voluntarily made by the defendant in the former trial may be proved against him, but not where the statements were elicited by questions propounded by the judge. p. 176.

4. CRIMINAL LAW.—*Question propounded to witness on appeal to circuit court from city court which brought out the fact that defendant had pleaded guilty in that court was improper.*— On trial of defendant in the circuit court, after an appeal from a city court where the defendant pleaded guilty, a question propounded to a witness which brought out in any way that the defendant had pleaded guilty in that court was improper. p. 176.

5. CRIMINAL LAW.—*Accused may attack amended affidavit filed in circuit court after pleading guilty in city court.*—A defendant who has appealed from a conviction in a city court on his plea of guilty may move to quash an amended affidavit filed in the circuit court, as the amended affidavit takes the original affidavit out of the record, together with his plea thereto, and whether or not he was guilty of the charge in the original affidavit would no longer be in issue in the circuit court. p. 178.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Bernard D. Busch was convicted of manufacturing intoxicating liquor and having possession of a still for the manufacture of liquor, and he appeals. *Reversed.*

*F. Clayton Mansfield,* for appellant.

*U. S. Lesh,* Attorney-General and *O. S. Boling,* for the State.

MYERS, J.—This case originated in the Muncie City Court, and on appeal to the Delaware Circuit Court an amended affidavit in four counts was filed stating that appellant, on February 19, 1923, at and in the county of Delaware, State of Indiana, (1) "did then and there unlawfully keep and have in his possession intoxicating liquor with intent to sell  *  *  *  and otherwise dispose of the same to divers persons," etc.; (2) "did then and there unlawfully make and manufacture intoxicating liquor"; (3) "did then and there unlawfully have

in his possession a still   *   *   *   for the manufacture of intoxicating liquor intended for use in violation of the laws of the State of Indiana"; and (4) "did then and there unlawfully maintain a common nuisance by then and there keeping a house and place where intoxicating liquors were then and there manufactured, bartered, and given away and kept for sale and barter, in violation," etc.

The first three counts are predicated upon §4, Acts 1917 p. 15, as amended §1, Acts 1921 p. 736, §8356d Burns' Supp. 1921. The fourth count is based on §20, Acts 1917 p. 15, §8356t Burns' Supp. 1921. A motion to quash each of these counts separately and severally, for want of facts sufficient to state a public offense, or an offense with sufficient certainty, was overruled. A trial before a jury resulted in a verdict of guilty as charged in the affidavit. Judgment in accordance with the verdict. The overruling of his motion for a new trial and his motion in arrest are separately assigned as errors.

Appellant insists that each count of the affidavit was insufficient to withstand his motion to quash, in that, the first count failed to describe with sufficient

1. certainty the kind, character or quantity of intoxicating liquor. The same objections are urged to the second count, with the addition that the affidavit "does not negative the statute under which it was drawn"; that the third count failed to allege that the defendant intended to or had used the still in violation of law, and that the fourth count was bad for uncertainty in failing to allege that the defendant manufactured or intended to manufacture, intoxicating liquor, or that he intended to barter or give it away, and for failure to state that appellant was either the owner or in control of the house where the liquor was manufactured. The statute upon which the several

counts of the affidavit were based defines the several offenses charged and fixes the punishment therefor. Under this statute, it is only necessary to follow its language in charging the offense, which was done in the amended affidavit. *Simpson* v. *State* (1925), *ante* 77, 149 N. E. 53.

As to the effect of failing to negative the exception noted against the second count, we may say that the statute, §1, *supra*, declares and defines the offense charged apart from the phrase "except as in this act provided." In charging a violation of a statute thus explicit, it is not incumbent upon the state to allege or prove anything regarding the exception. If a defendant is within the exception, that is a matter for him to show by affirmative proof. *Jenkins* v. *State* (1919), 188 Ind. 510, 124 N. E. 748; *Hewitt* v. *State* (1889), 121 Ind. 245, 23 N. E. 83; *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674; *Stapert* v. *State* (1924), 195 Ind. 338, 143 N. E. 587.

The court's refusal to give certain instructions tendered by appellant, and the giving of certain instructions by the court upon its own motion, are made causes for a new trial. We have carefully examined these instructions, and, as we understand them, they present in another form the same questions that were urged in support of the motion to quash. The court's action in refusing and in giving the instructions must be approved.

It appears from the evidence that on February 20, 1923, an affidavit in four counts was filed in the city court of Muncie, and that this affidavit was amended after the case reached the circuit court on appeal. At the trial in the circuit court, appellant did not testify, but the state, as a part of its original case, called a police officer as a witness who, over the objection of appellant, was permitted to testify

concerning certain statements made by the defendant at the hearing before the city judge. These statements, which the witness was permitted to repeat, seemed to have been largely called for by questions propounded by the court, and pertained especially to the manner in which he obtained the still and his use of it, and were obviously made by the defendant in the hope of mitigating his punishment. The prosecuting attorney then propounded this question: "I will ask you if the statement was not made after Mr. Busch had entered his plea of guilty?" Appellant objected to this question for the reasons, in substance, that he was then being tried *de novo* and upon another and different affidavit from that to which he pleaded guilty in the city court, and is an attempt to prove an admission without first laying a foundation for its admissibility. These objections were overruled and the witness answered that, "The statement was made after Mr. Busch had entered a plea of guilty." The record before us does not clearly disclose the statements made by the defendant to the judge of the city court in answer to question propounded by him. Nor are we able to point out the statements which were voluntarily made by the defendant. Concerning the admissions or statements of an accused voluntarily made at a former trial, we have no doubt of their admissibility. But we certainly would condemn a practice which would permit a court to question a defendant relative to his connection with a crime to which he had pleaded guilty and then, upon appeal, as here shown, approve a rule authorizing the state at a subsequent *de novo* trial to prove such admissions as a part of her original case. However, as this record comes to us we are not in a position to say that the prejudicial statements were not voluntarily made, and if so, they were admissible.

The question, under the pretense of fixing the time the defendant made his admissions to the city judge, was improper.   Its main purpose, and the effect of the answer, was to have the jury infer that the defendant had pleaded guilty in another court to the same charges upon which he was then on trial.   The question was not asked, nor did it call for an answer tending to contradict or impeach any testimony of the defendant or of any other witness.   The answer went to the jury as affirmative evidence tending to prove the defendant guilty as charged.

The amended affidavit took the original out of the record.   The fact that appellant pleaded guilty to the charge preferred against him in the city court would not work a waiver of his right to object to and move to quash the amended affidavit in the circuit court.   His confession of guilty was only to the manner and form as charged, but if no offense against the law was charged, no violation was confessed.   2 Bishop, New Crim. Pro. (2d ed.) §795.   But, it may be said that it was the duty of appellant to counteract the inference of the witness' answer by bringing into court the affidavit to which he pleaded guilty in the city court.   Such a contention is without any reason to support it.   Whether appellant was or was not charged with any violation of law in the city court, under the circumstances of this case, was not an issue to be tried in the circuit court.   The question propounded by the prosecuting attorney tended to introduce that issue, and for aught appearing to the jury, appellant had pleaded guilty in the city court to practically the same charge to which he had pleaded not guilty in the circuit court.   The jury, by its verdict, fixed the maximum punishment, but whether this seemingly contradictory attitude of the accused was reflected in the verdict, we have no way of determining, nor can

we say the answer of the witness was not harmful to appellant.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.