DANNY RICE v. STATE OF INDIANA.

[No. 1-1276A239. Filed June 6, 1977.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—Defendant-appellant, Danny Rice (Rice), was charged by information and tried and convicted by a jury of sodomy.[1] Rice now brings this appeal alleging error by the trial court in its admission into evidence State's Exhibit No. 1, in its refusal of one of defendant's tendered final instructions, and in its refusal to grant Rice's motion for mistrial.

We affirm.

1. IC 1971, 35-1-89-1 (Burns Code Ed.).

The facts most favorable to the verdict are that Rice, while an inmate of the Vanderburgh County Jail, committed sodomy on the person of Randall Raymer, another inmate of the jail.

Rice first alleges that the trial court erred when it permitted the State to introduce into evidence, over Rice's objections, State's Exhibit No. 1, a writing by Raymer which stated he needed help and that he wanted to talk to a guard without others in the cell being aware of it. Rice characterizes the exhibit as inadmissible hearsay.

Not all statements or writings made out of court are hearsay. As stated in *Blue* v. *Brooks* (1973), 261 Ind. 338, 303 N.E.2d 269, "Out-of-court statements offered in court for the truth of the matter therein are hearsay. But where the statements are not offered for the purpose of proving the fact asserted, they are not hearsay." Further, it was stated in *Nuss* v. *State* (1975), 164 Ind. App. 396, 328 N.E.2d 747, that ". . . if an extra-judicial utterance is offered, not as proof of the matter asserted therein, but as proof of the making of a statement, then such utterance is not barred by the hearsay rule."

State's Exhibit No. 1 was not offered for the purpose of proving the fact asserted therein and is not hearsay. We find no error by the trial court on this issue.

Rice next contends that the trial court erred in refusing to give defendant's tendered final instruction No. 8, which would have instructed the jury regarding the presumption of innocence. We note that the court's final instruction No. 4, as given, contains the essence of Rice's instruction No. 8. As stated in *Lewis* v. *State* (1976), 264 Ind. 288, 342 N.E.2d 859, "The refusal of an instruction is not grounds for reversal, if the substance thereof is covered by other instructions."

It is also alleged that the trial court committed reversible error when it overruled Rice's motion for mistrial made after

the following colloquy occurred during cross-examination of Rice:

"XQ  Are you the same Danny Rice under Circuit Cause No. 1082 in 1973 was convicted of Entering to Commit a Felony?

A  Yes, Sir.

XQ  You receive a suspended sentence.

A  Right.

XQ  That was a reduced from First Degree Burglary."

Contrary to the position taken by the State, the mention of the burglary charge was improper. Indeed, the mention of the entering to commit a felony conviction may have been improper as well under *Ashton* v. *Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, but as that has not been raised as an issue, we need not address it.

It is clear that *Ashton* v. *Anderson, supra,* and the decisions following it disapprove reference to a mere prior charge against a witness, as well as questions of a witness regarding details of a prior conviction if to do so would be beyond the scope of the direct examination.[1] To do either is improper. In this instance, though, the trial court made every effort to undo the impropriety. The court admonished the jury, gave defendant's instruction No. 6 concerning the evidentiary use of prior offenses, and gave the court's own final instruction No. 14 which again admonished the jury on this issue.

"The trial judge has great discretion in determining whether or not to grant a motion for mistrial, and reversal will result only from clear error in his ruling." *Carmon* v. *State* (1976), 265 Ind. 1, 349 N.E.2d 167. We are unconvinced that the trial court erred in its ruling.

Affirmed.

---

1. These decisions are concerned primarily with impeachment of witnesses by a showing of propensity for dishonesty. We here express no opinion regarding the use of such inquiries to impeach a witness for bias in particular circumstances such as where a witness has a charge pending against him or is on probation at the time of his testimony.

Lowdermilk, J., concurs.

Hoffman, J. (participating by designation), concurs.

NOTE.—Reported at 363 N.E.2d 1251.