Robert L. MOORE, Appellant,

v.

STATE of Indiana, Appellee.

No. 1183S384.

Supreme Court of Indiana.

Sept. 6, 1984.

John J. Halcarz, Hammond, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Rape, a class A felony. In addition the jury found appellant to be an habitual offender. The trial court then entered the following incorrect sentence.

The Court having entered judgment of conviction for the crimes of Count I-Rape, a Class A Felony, on the 22nd day of June, 1983, and Count III-Habitual Offender, on the 23rd day of June, 1983, and having considered the written presentence report, now sentences the Defendant to a term of fifty (50) years, as to Count I, Rape, a Class A Felony, and a term of thirty (30) years, on Count I, Habitual Offender, said sentences to run consecutively, and orders the Defendant committed to the Department of Corrections for assignment to the proper facility.

In the case at bar the trial court incorrectly treated the habitual finding as a separate crime. It is not. Rather the trial court should have enhanced the sentence for the rape conviction based upon the habitual offender finding. This will require remanding the case to the trial court for the entrance of a proper sentencing order.

Appellant was first tried in 1979 for the rape of D.D. This trial resulted in a mistrial. Some testimony, including that of the victim, D.D., was heard prior to the granting of the mistrial. A trial date was set for a second trial. However, prior to the commencing of that trial, D.D. died as a result of a gunshot to the chest. At the second trial, the prior recorded testimony of D.D. was offered into evidence. The State authenticated D.D.'s unavailability by offering her death certificate. The certificate listed the cause of death as a gunshot wound to the chest which severed an artery. The certificate also disclosed the death occurred just a few days prior to the commencement of the second trial. On the certificate was an indication that an investigation was pending as to the source of the gunshot. The certificate was admitted into evidence and the jury was informed of the information on the certificate.

Appellant then sought to introduce a note written by D.D. which would tend to show the death was a suicide. The trial court refused to admit the note based on a Motion in Limine it had earlier granted to the State. On appeal of his conviction in that trial, this Court reversed and remanded. *See Moore v. State*, (1982) Ind., 440 N.E.2d 1092 (DeBruler, J., dissenting).

In *Moore* we said:

"In the case at bar, the effect of the jury's viewing of the death certificate coupled with their awareness of the timing of the death, undeniably left them free to infer appellant had arranged for, or himself committed the murder of [D.D.] to prevent her from testifying against him. It is also obvious the evidence strongly supporting the theory she had committed suicide would have done much to foreclose the drawing of the inference.

"We conclude the trial court's refusal to allow the admission of any evidence tending to show the witness' death was a suicide, coupled with the admission of evidence strongly suggesting she was murdered, was a deprivation of appellant's right to a fair trial as guaranteed him by the Sixth and Fourteenth Amendments to the Constitution of the United States and Article I § 12 of the Constitution of the State of Indiana." *Id.* at 1094

Appellant was subsequently retried. This appeal follows his conviction in that trial.

In the case at bar, appellant's issues again center around the prior recorded testimony of the victim. The State again sought to introduce the statement. To establish the unavailability of the victim, the State sought to introduce, for that limited purpose, the death certificate. The court and the parties held a lengthy discussion as to the admissibility of the certificate and the transcript in light of our earlier decision. Following that discussion, the trial court admitted the certificate for the limited purpose of showing the unavailability of D.D. The court then permitted the prior testimony of D.D. to be read into the record.

Later, during appellant's case in chief, he indicated to the court that he would not be calling the coroner to testify nor would he be introducing the suicide note. Counsel stated:

"I choose not to for tactical reasons. Subsequent conversations with Mr. Candiano [the coroner] has me convinced it would not be in the best interest of my client to introduce the note or elicit any testimony concerning circumstances of her death."

The parties then held another lengthy discussion of what actions should now follow from that decision. They agreed to a stipulation which was read to the jury. It reads as follows:

"[T]here is a stipulation of Counsel in this case concerning the unavailability of the witness [D.D.], which is, that means

that it is agreed by both sides in this case, a stipulation means defendant and the State both agree that the death of [D.D.] can in no way be attributed to the defendant, Robert L. Moore. And Counsel have asked me to admonish you, and I hereby admonish you, to draw no conclusions as to the death of [D.D.] and no way infer, assume, or conclude, that the death of [D.D.] was in any way a result of the actions of Robert L. Moore, the defendant in this case."

Appellant's first alleged error concerns the limited admission of the death certificate. He contends it was not properly authenticated to bring it within the business records exception to the hearsay rule. Ind. R.Tr.P. 44 governs the admission of these documents.

■ Appellant correctly points out the conditions of Ind.R.Tr.P. 44 were not fulfilled. The certificate was not the official publication nor was it a copy attested to by an official with the capacity to do so. The trial court had been led to believe the attestation would come later during the testimony of the coroner. When that testimony did not materialize, the court and the parties agreed to the language of a stipulation above quoted. At that time, the trial court should have struck the death certificate from the record. The failure to do so was error.

■ Admission of improper evidence which tends only to disclose a fact proven by other properly admitted evidence is harmless. *Williams v. State*, (1981) Ind., 419 N.E.2d 134; *Smith v. State*, (1981) Ind., 419 N.E.2d 743; *Pollard v. State*, (1982) Ind.App. 439 N.E.2d 177, rehearing denied (1982). In the case at bar, the parties' stipulation concluded the victim was dead. We thus find the death certificate to be cumulative to other evidence of the same fact and that its admission was harmless error.

In a related argument, appellant maintains the trial court erred when it admitted the certificate and informed the jury of the following:

"I have admitted into evidence Exhibit 9 in this trial, a copy of the Indiana State Board of Health Coroner's Certificate of Death, in which [D.D.] is certified to have died on the 6th day of July, 1981. This was introduced for the limited purpose of showing her unavailability to testify in this trial."

■ Appellant contends this placed the jury in the exact situation we disapproved of in the earlier case. He maintains the jury was informed of the victim's death but not of the note thus allowing the jury to reach possibly impermissible inferences. We believe appellant is incorrect for two reasons. First, the jury in the case at bar was not permitted to view the certificate. The jury was in no way apprised of the cause of death or that the death was under investigation. It was this information coupled with the court's refusal to permit the jury to be informed of the possibility of suicide which concerned this Court. Secondly, appellant was not denied an opportunity to introduce the note. In fact it was his decision not to do so. We find appellant was not exposed to the dangers which necessitated a reversal in the prior trial.

■ Appellant's next issues involve challenges to the admission of the transcript itself. The admission or exclusion of the testimony of an unavailable witness is a matter of discretion for the trial court. *Raines v. State*, (1971) 256 Ind. 404, 269 N.E.2d 378. The party seeking to have the testimony admitted must make a three part showing: The former testimony was given under oath, the party against whom the testimony is being offered had an opportunity to cross-examine the witness at the former hearing and the witness is presently unavailable. *Pollard v. State*, (1979) 270 Ind. 599, 388 N.E.2d 496.

■ Appellant first argues there was no proper showing that the victim was unavailable. The stipulation was ample evidence of the victim's unavailability.

Appellant next attacks the admission of the testimony based on grounds that it was not subjected to a proper cross-examina-

tion. Appellant concedes a cross-examination did take place. His argument is that the appellant's theory of defense changed between the first trial when the cross-examination took place and the trial in which the evidence was admitted. He cites for support of this proposition *Bryant v. State,* (1979) 270 Ind. 268, 385 N.E.2d 415, rehearing denied (1979). In *Bryant* the defendant did not take the stand in his own behalf but did attempt to introduce the transcript of an extradition hearing held earlier. We found the prior testimony did not meet the qualifications for former testimony.

Appellant suggests a change in the theory of the defense necessitates a finding that a similar motive to cross-examine was not present. We do not agree. A review of the authorities cited in *Bryant* indicates a change in the theory of a case is not what constitutes a change in motive. In *Bryant* the issues in litigation were so dissimilar in the two procedural settings that the nature of the cross-examination in the first would not have achieved the goals of cross-examination for the second. A change in the theory of the defense as between the prior hearing and the hearing in issue is not a change in motive so as to disqualify the prior testimony under our holding in *Bryant.*

Appellant also contends the entire transcript of the prior testimony should not have been read to the jury. At the prior trial, appellant was charged with robbery in addition to the rape. He was acquitted on that charge. The transcript did contain references to that charge and to evidence related to the charge. In answer to appellant's objection at trial on these grounds the court stated:

"Well, let me say this. It is a general rule in the State of Indiana that evidence which would intend to show other acts of misconduct or crimes is inadmissible. However, in this case I think that actions that are spoken of are so contemporaneous in time or place they cannot be separated from the testimony of this witness and I would overrule the objection as to the testimony."

The admission of the transcript in full or in part is a matter of discretion for the trial court. We do not find the trial court abused this discretion. Appellant was not charged in the case at bar with robbery. The questioned testimony represents only four questions and answers in twenty pages of direct testimony. As the court stated, this testimony was closely linked with the rape incident so as to be a part of the *res gestae* of the charged offense. For these reasons we find the trial court did not abuse its discretion in permitting the transcript in full to be presented to the jury.

This case is remanded to the trial court for sentencing consistent with this opinion.

The trial court is in all other things affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result.