**Jeff A. KING, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 283S61.

Supreme Court of Indiana.

Sept. 24, 1984.

John Broadhead, Evansville, Jerry D. Stilwell, Princeton, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant King was convicted in a trial by jury of robbery while armed with a deadly weapon, Ind.Code § 35–42–5–1. He received a sentence of eighteen years in prison. This appeal is based upon five

allegations, namely: (1) that two photographs of a shotgun were wrongly permitted to be introduced; (2) that improper questioning and testimony warranted a mistrial; (3) that the trial court committed error in instructing the jury that a shotgun is a deadly weapon; (4) that improper evidence regarding the nature of a prior offense was permitted; and (5) that the trial court committed error in giving an instruction regarding flight.

A Rexall Drugstore in the village of Ft. Branch, Gibson County, Indiana was robbed shortly before closing time by two men. One wore a mask and carried a handgun. The other wore dark glasses and carried a sawed-off shotgun. They took drugs and money, and made their getaway in a large black and white Buick. Four eyewitnesses testified that appellant was one of the two men. Three witnesses connected the car with the robbery or with the appellant.

## I.

State's exhibits nine and ten are two photographs of a sawed-off double barrelled shotgun with hammers and a crudely shaped wooden hand grip in place of the shoulder stock. Appellant was identified by the pharmacist at the drugstore as being the robber who wore sunglasses and held a sawed-off shotgun with a wooden handle. She testified further that the gun shown in Exhibits 9 and 10 looked like the one he held. Detective Sibbitt testified that the photographs were taken by him, and that the shotgun had been found under a propane tank at the yard of an excavating company located along a road and half way between Ft. Branch and Princeton. At the same yard a denim jacket was found in a trash can. One of the witnesses to the crime described one of the men as wearing a denim jacket. Further testimony placed appellant in Princeton within an hour after the robbery in a car meeting the description of the car used in the robbery.

These photographs had several relevant aspects. One of these was as part of a web of circumstantial evidence tending to identify appellant as one of the persons who had committed the robbery. Admissibility for this purpose was dependent upon a foundation which connected the photographs and their subject with the crime and also with the accused. This requirement is satisfied where the victim or other eyewitness testifies that exhibit corresponds to his sense perception gained at the time of the crime and there is also testimony connecting the accused with the exhibit. *Jackson v. State,* (1971) 257 Ind. 477, 275 N.E.2d 538; *Hooper v. State,* (1983) Ind., 443 N.E.2d 822. The testimony of the pharmacist that the photographs portrayed a shotgun which looked like the one used by the robbers was sufficient to satisfy the first part of the foundational requirement. Testimony from other sources supported the inferences that appellant and a companion left the drugstore in a rush and were driving in a car meeting the description of the getaway car from Ft. Branch to Princeton within minutes after the crime occurred, and would have been in the vicinity of the yard where the clothing and shotgun were discarded. This cluster of related inferences satisfied the second part of the foundational requirement that appellant be shown connected to the exhibits. The exhibits were correctly admitted.

## II.

A pre-trial order *in limine* prevented the prosecution from mentioning that appellant was under arrest in Utah on unrelated charges when taken into custody upon the warrant issued by the Indiana court. Under direct examination by the trial prosecutor, Detective Sibbitt testified as follows:

"Q. Now, did there come a time, Officer, you located these two subjects?

A. Yes, sir.

Q. And where were they located?

A. They were incarcerated in the Emory County Jail in Castle Dale, Utah.

Q. And pursuant to our warrants?

A. They were already incarcerated.

MR. BROADHEAD: I'm going to object to that. May we approach the bench?

\* \* \* \* \* \*

COURT: Ladies and gentlemen, the objection will be sustained. You are instructed to disregard the prior testimony of the officer.

\* \* \* \* \* \*

MR. BROADHEAD: And, in fact, I don't think an instruction will be sufficient and at this time I would move that because it's clearly in violation of the preliminary trial motion or pre-trial motion in limine that was filed in this case, I would ask that this case be removed from the hand of the jury.

COURT: Show motion is denied on the grounds that the Court having viewed the scene and demeanor of all parties present, the Court determines that admonition is sufficient."

The trial prosecutor and his professional government witness were clearly in violation of the trial court's order in injecting this improper matter into the awareness of the jury. In circumstances such as this where there is a distinct possibility that the trial prosecutor knowingly breached the order governing the trial and that the professional government witness surely should have known better, this Court requires a high level of assurance that the admonition of the trial court was sufficient to erase all residuum of prejudice to the accused. Here, we find that assurance in the fact that the trial judge displayed an acute awareness of what was at stake as he in open court ruled upon the mistrial motion, and the fact that the prosecution marshalled a very strong and persuasive case against appellant. We affirm the ruling of the trial court but at the same time condemn in the strongest terms any violation of a pre-trial order *in limine* granted for the purpose of insuring a fair and decent determination of the guilt and innocence of one accused of crime.

### III.

Over the objection of the defense that it removed a question of fact from the province of the jury, the trial court gave the following instruction proposed by the prosecution:

"You are instructed that: A shot-gun is a deadly weapon."

At the time of the alleged offense the applicable part of the robbery statute provided that robbery:

"is a class B felony if it is committed while armed with a deadly weapon...."

At the same time a deadly weapon was defined at Ind.Code § 35–41–1–2 in applicable part as follows:

"Deadly weapon means:

(1) a loaded or unloaded firearm...."

Appellant was charged by information with committing a robbery "while armed with a deadly weapon, to-wit: a fire arm...." He now argues that the free agency of the jury to determine for itself from the evidence presented at trial whether he was armed with a shotgun was hopelessly impaired by unavoidable inference of that fact arising from the instruction.

The issue present is not unlike the one addressed in *Jenkins v. State,* (1981) Ind., 424 N.E.2d 1002 where we reversed because an instruction was given which included the statement: "Sexual gratification may or may not include ejaculation." It was there reasoned that the term sexual gratification was used in an earlier part of the instruction in its ordinary sense and had no special legal meaning, and consequently such term should not have received further definition or refinement from the court. Here the term "deadly weapon" does have a special meaning provided by statute, and it was proper to give a definition.

Appellant compares this instruction to the one condemned in *Hubbard v. State,* (1925) 196 Ind. 137, 147 N.E. 323. There the Court described the situation as follows:

"The court also gave an instruction (No. 4) stating that moonshine whisky is an

intoxicating liquor, that 'in this case certain liquid called moonshine whisky has been offered in evidence,' and then referring to 'this whiskey,' 'this liquor,' and twice to 'such liquor,' in propounding the question to be decided by the jury and in stating what must be proved in order to convict. This invaded the province of the jury, amounting to an instruction that the liquor introduced in evidence was the same which witnesses testified they saw appellant giving away, and that it was intoxicating. In giving instructions the court should not assume that any material fact in issue has been established by the evidence, the jury being the sole judges of the facts proved."

*Id.* at 142, 147 N.E. at 323.

The instruction in the case for decision today cannot be condemned on like basis since it makes no direct reference to the evidence describing the thing held in the hand of the robber; and also closely tracks the definitional statute. It would be conceded by the argument presented that the instruction would have been unassailable had it said for example that a deadly weapon has been defined by statute as including firearms. That form would clearly have been better. However it also would have carried with it the potential to have bound the jury to the conclusion that appellant was proved to have carried a deadly weapon, and that potential would not have been substantially less than the like potential carried by the instruction now under consideration. It was not error to give this instruction on the basis argued.

### IV.

Appellant testified on direct examination that he had been convicted of the crime of entering to commit a felony seven years before. On cross-examination over objection of defense counsel he was required to name the felony. It was armed robbery. The argument is made that the question on cross-examination was improper, because he was not convicted of armed robbery, yet the crime named was the same as the one upon which he was standing trial and the

prosecutor was able to leave the impression that "if he had done it once, he must have done it again."

For the purpose of assessing the credibility of a witness, the trier of fact may be shown that the witness had been previously convicted of a crime involving dishonesty or false statement. *Roseberry v. State*, (1980), 273 Ind. 179, 402 N.E.2d 1248. When the witness is the accused in a criminal trial the same rule governs and in such instances the main concern of the law is that the use of these convictions be restricted to determine credibility and prevented from aiding in the establishment of guilt. To this end the accused is entitled to an instruction so limiting the use of his prior convictions by the jury. He is also entitled to restrictions upon efforts by the prosecution to explore the details of such convictions. *Skaggs v. State*, (1973) 260 Ind. 180, 293 N.E.2d 781. Whenever the prior conviction is for a crime which is the same or similar to the one upon which the accused is being subjected to trial, there is no doubt a stronger likelihood of misuse by the trier of fact. However, there is no persuasive argument made that existing measures are insufficient to deal with the situation.

Appellant argues from the case of *Rice v. State*, (1977) 173 Ind.App. 240, 363 N.E.2d 1251. There the accused admitted a prior conviction for entering to commit a felony, and the prosecutor went only to bring out that the conviction resulted when a first degree burglary charge was reduced. The court condemned that reference to a reduced burglary charge and properly so. There was no justification for informing the jury of the unproved and greater charge. Here, on the other hand, the reference to armed robbery is actually part of the charge of entering to commit a felony of which appellant was convicted. Its use provided a more accurate statement of the crime of which he was convicted, yet utilized only generic and statutory terms. Calling for the name of the felony intended upon the entry, did not constitute an imper-

missible exploration of the details of the crime and was proper.

## V.

■ The trial court gave a jury instruction guiding the jury in the manner in which they should regard evidence tending to show flight by appellant. An objection to this instruction on the basis that there was an insufficient evidentiary basis for it, was overruled. The surrounding circumstances presented here include the following. Appellant resided with his parents in the neighborhood of Gibson County. He was observed leaving the scene of the robbery in a hurried manner and it may be inferred that he drove to Princeton, arriving there within an hour. He was observed by an officer and questioned while parked at a gas station. He did not return to his parents' home for the next two days. On April 16, he departed for the State of Utah.

In *Bruce v. State*, (1978) 268 Ind. 180, 375 N.E.2d 1042, it was held that the question to be answered in deciding whether to give an instruction of this sort is whether the jury could reasonably interpret the defendant's actions as flight in avoidance of prosecution. In that case there was evidence that the defendant withdrew a large sum of money from a bank in Indiana and arrived in the State of Alabama the day following the alleged crime. Countervailing evidence was produced that he travelled under his own name, stayed with a relative, and took employment of a type which was similar to his usual one. We reasoned that this set of circumstances offered differing interpretations but was sufficient to warrant the instruction. Appellant argues that his calm attitude while questioned in Princeton, shortly after the offense occurred, and the fact that he returned at least once to the bank near his parents' home, show that he was not in immediate flight. The surrounding circumstances here, as in *Bruce* support differing interpretations, and as in *Bruce*, we also find that they are when considered as a whole sufficient to warrant the court in giving an instruction on available inferences, and we find the instruction proper.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.