Paris G. JOHNSTON, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 29S00–8610–CR–925.

Supreme Court of Indiana.

Jan. 8, 1988.

Gerald M. DeWester, Noblesville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Paris Gay Johnston was found guilty by a jury in Hamilton Superior Court I of the crime of Dealing in a Narcotic Drug, a class A felony. The trial court sentenced Johnston to a term of forty (40) years.

Five issues are presented for our review in this direct appeal as follows:

1. trial court error in admitting into evidence portions of an absent witness' deposition;

2. trial court error in finding a State's witness competent to testify;

3. trial court error in denying Johnston's request to admit into evidence other portions of an absent witness' testimony;

4. trial court error in denying Johnston's request for immunity where he testified against State's witness; and

5. prosecutorial misconduct.

The facts show Becky Woodbury, a paid police informant, contacted Johnston at the request of police agents and bought cocaine from him on May 9, 1980 and a date in June, 1980. The substance purchased on May 9 was represented to be one-half ounce of cocaine. Woodbury consumed a small amount of cocaine with Johnston, then left the premises. She immediately turned the substance over to police waiting outside the house where the transaction occurred. It was tested by a forensic chemist and found to be cocaine with a weight of approximately 3.3 grams.

An information was filed charging Johnston with the May 9 delivery and the cause was set for jury trial on August 10, 1981. In the meantime, Johnston was freed on bond. In February, 1981 Johnston took Woodbury's deposition. The deposition was taken regarding an unrelated case where Woodbury again acted as an undercover agent for police. However, she was also questioned about the May 9 incident.

Prior to the August 10, 1981 trial date Johnston fled the jurisdiction and failed to appear for trial. He remained at large until he was found and arrested in California over four years later in October, 1985. Woodbury also disappeared some time after the 1981 trial date. Police became aware of this fact in 1983. Prior to trial, officers involved in the investigation attempted, without success, to locate Woodbury to testify at trial. Their attempts included calling her telephone number, calling her mother's telephone number and verifying the mother no longer lived at that residence, running Woodbury's social security number through the Bureau of Motor Vehicles and the Indianapolis Police Department computer systems, and searching Woodbury's name in the Drug Enforcement Agency computer system.

At trial the State offered in evidence portions of the deposition taken at Johnston's request and conducted by defense counsel. The trial court permitted portions of the deposition to come into evidence.

I

Johnston claims trial court error in admitting portions of the deposition because the State did not sufficiently show Woodbury was unavailable and thus his right of confrontation was violated.

■ The decision whether to invoke the rule allowing admission of prior recorded testimony is within the sound discretion of the trial court. *Moore v. State* (1982), Ind., 440 N.E.2d 1092, after remand, 467 N.E.2d 720. Before a witness' prior recorded testimony may be admitted in lieu of in court testimony, the prosecution must first show the declarant/witness is unavailable. *Iseton v. State* (1984), Ind.App., 472 N.E.2d 643, 648. It must also be determined whether there is sufficient identification of the parties and the issues between the former and present proceedings. *Spence v. State* (1979), 182 Ind.App. 62, 393 N.E.2d 277, 281. In *Spence,* this court states: "Absolute identity is not required, only sufficient identity to insure that cross-examination in the former case was directed to the issues presently relevant and that the former parties were the same in motive and interest." *Id.*

■ In the case at bar the State showed that in the four and one-half year delay from August, 1981 until the trial of April, 1986, the police had lost contact with Woodbury. The trial court was justified in finding the State sufficiently showed her whereabouts were unknown and the issuance of a subpoena would be futile. The portions of the deposition put into evidence were those where Johnston's counsel asked questions regarding the very sale with which Johnston is here charged. Indicia of Woodbury's reliability in the prior recorded testimony are found in the examination by defense counsel. He questioned her regarding her possible bias or motive; she testified she was a paid confidential informant and received approximately three-hundred fifty ($350) dollars for the investigation involving Johnston. She was also

questioned regarding her memory, perception of the facts, and her veracity.

This evidence also shows Johnston was able to confront this witness through his trial counsel. While courts have held that before a deposition can be used against a defendant at trial, confrontation requires the defendant to have been present at the deposition, *Gallagher v. State* (1984), Ind. App., 466 N.E.2d 1382, 1385, citing *United States v. Benfield* (8th Cir.1979), 593 F.2d 815; *Collins v. State* (1971), 12 Md.App. 239, 278 A.2d 311, aff'd 265 Md. 70, 288 A.2d 163, (1972), where the deposition was not taken at the request of the prosecution or to preserve testimony for trial, the defendant's presence during the taking of the deposition is not necessary. *Gallagher,* 466 N.E.2d at 1385, 1386. In the present case the deposition was taken at Johnston's request, and the State never questioned Woodbury during this time. This indicates, as stated in *Gallagher,* the State expected Woodbury to appear at trial. There is no indication the State intended to preserve testimony for trial through the deposition. Further, the *Gallagher* court noted that prior to 1982 Indiana Code § 35–1–31–8 provided that when defense counsel takes a deposition on behalf of the defendant, a confrontation based objection is waived if the State subsequently seeks to admit the deposition at trial. *Id.,* citing *Roberts v. State* (1978), 268 Ind. 348, 354–55, 375 N.E. 2d 215, 220. The court held the defendant waived the right of confrontation despite the fact the statute had since been repealed. Even if there was no valid waiver, admission of the deposition was still proper because "the admission of an out-of-court statement does not violate confrontation if it appears the witness was unavailable to testify at trial and that the statements admitted contain sufficient indicia of reliability." *Id.,* citing *Ohio v. Roberts* (1980), 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597, 607. As previously stated, the State demonstrated Woodbury's unavailability, and there was sufficient indicia of reliability. Thus Johnston's right to confrontation was not violated. In view of the facts and circumstances here, the trial court did not

err in admitting the deposition testimony into evidence.

## II

■■■ Johnston also raises on appeal the admission of Woodbury's deposition on the basis Woodbury was incompetent to testify due to excessive drug use. He claims the drugs adversely affected her mental abilities. Again, the determination of the competency of a witness is a matter committed to the sound discretion of the trial court. The trial court's determination of the competency of a witness is reviewable only when a manifest abuse of discretion has occurred. *Stewart v. State* (1982), Ind., 442 N.E.2d 1026, 1031. The test of competency of a witness is whether the witness has sufficient mental capacity to perceive, to remember, and to narrate the incident he has observed, and to understand and appreciate the nature and obligation of an oath. *Ware v. State* (1978), 268 Ind. 563, 376 N.E.2d 1150, 1151; *Stafford v. State* (1983), Ind.App., 455 N.E.2d 402, 405. At the competency hearing Johnston called as witnesses officers Schneider and King, and they both stated Woodbury at all times appeared coherent, normal, and responsive to questions not only at the time she gave her deposition, but also when they were out in the field with her when the crime was committed. There was no indication in any of the evidence presented to the court she was incompetent due to unsoundness of mind brought on by drug abuse. Therefore the trial court did not abuse its discretion in finding her competent to testify.

## III

■ After the court admitted the portions of Woodbury's deposition referred to above, Johnston requested certain other portions of the deposition be admitted into evidence. The trial court refused this request and Johnston now claims reversible error. Johnston is correct that a party may not submit evidence of part of a deposition without giving the other party an opportunity to introduce the remaining material if it is necessary to explain or illustrate the context from which the excerpted

evidence was taken, or to mitigate the prejudice caused by introduction of only part of the evidence in question. *Carroll v. State* (1975), 263 Ind. 696, 338 N.E.2d 264, 271. Ind.Tr.R. 32(A)(4) provides in part:

> If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part which ought in context to be considered with the part introduced, and any party may introduce any other parts.

▮▮▮▮ The parts of the deposition Johnston offered and the court refused concerned Woodbury's testimony about her own drug abuse, including convictions for possession of drugs. Johnston claims this testimony should have been allowed because it affected her credibility. The trial court refused the offered testimony on the grounds it contained references to prior bad acts and to a crime which was not an impeachable offense, and was therefore irrelevant. In *Dudley v. State* (1985), Ind., 480 N.E.2d 881, 890, this court held drug related convictions are not proper impeachment for they do not fall within the crimes set out in *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210. Under *Ashton* only those convictions for crimes involving dishonesty or false statement shall be admissible for the purposes of impeaching the credibility of a witness. The crimes of treason, murder, rape, arson, burglary, robbery, kidnapping, forgery, and willful and corrupt perjury however, render a witness incompetent to testify and thus may be used to impeach a witness. *Id.* 279 N.E.2d at 217. Obviously drug offenses are not included in this list of impeachable offenses. In *Randall v. State* (1983), Ind., 455 N.E.2d 916, 928, we held witnesses may be impeached as to character only by means of evidence of community reputation or by proof of conviction of specified crimes. It is improper to permit cross examination of a witness regarding past bad acts, drug related offenses, or even convictions, if the import of such evidence is directed only to a general assessment of the credibility and character of the witness. The court in this case admitted evidence of the other reasons Woodbury became a confidential informant. She testified she was paid for her work and she had children to support. Also, she was cross-examined as to her credibility regarding the incident involving Johnston. Police officers testified regarding her conduct and appearance at the time of the deposition and at the time of the commission of this crime. A trial judge may, in his discretion, permit an inquiry into bad acts to show the bias of the witness, existence of a nexus, or a causal connection between the bad acts and the conclusion of bias. *Hossman v. State* (1984), Ind., 467 N.E.2d 416, U.S. *cert. den.* 469 U.S. 1195, 105 S.Ct. 977, 83 L.Ed.2d 980; *Rice v. State* (1977), 173 Ind.App. 240, 363 N.E.2d 1251, n. 2. *See also McIntyre v. State* (1984), Ind.App., 460 N.E.2d 162, *transfer denied;* and *Higginbotham v. State* (1981), Ind.App., 427 N.E.2d 896, overruled on other grounds in *Micinski v. State* (1986), Ind., 487 N.E.2d 150. Because there is evidence in the record, as stated above, which provided a basis for the trial court's decision to refuse the offered testimony, we fail to find an abuse of discretion on this issue.

### IV

Johnston requested a hearing regarding Woodbury's competence because of her extensive drug use. He wished to give sworn testimony at the hearing but requested immunity from that testimony being used against him at trial. The trial court declined to do so, and Johnston claims this as error.

▮▮▮▮ Johnston concedes the general rule is that a defendant's pretrial testimony can be used against him at his trial. It was so held by this court in *Behler v. State* (1887), 112 Ind. 140, 142, 13 N.E. 272 and *Greenley v. State* (1877), 60 Ind. 141. Generally when a defendant takes the stand he becomes subject to all rules governing cross-examination and this includes being impeached by prior inconsistent statements. *Williams v. State* (1978), 269 Ind. 193, 379 N.E.2d 449, 450; *Finney v. State* (1979), 179 Ind.App. 316, 385 N.E.2d 477, 481. Exceptions to this rule have been established where a defendant raises questions involving his rights in pretrial matters. Hence,

defendants have been protected against use of substantive evidence of their testimony offered in support of a motion to suppress evidence. *Simmons v. United States* (1968), 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. *See also Cambridge v. State* (1981), Ind., 428 N.E.2d 1252, (guilty plea which is withdrawn cannot be alluded to at trial); *Busch v. State* (1926), 197 Ind. 173, 150 N.E. 58, (guilty plea in a city court cannot later be offered into evidence in an appeal to circuit court); *State v. Williams* (1975), 115 N.H. 437, 343 A.2d 29, (testimony in a bail hearing is inadmissible at trial due to the strong policy to avoid unnecessary deprivations of liberty since the purpose of the hearing is to insure appearance at trial; *United States v. Inmon* (3rd Cir. 1977), 568 F.2d 326, (defendant's pretrial hearing testimony on the issue of double jeopardy is inadmissible at trial.)

In the instant cause Johnston proposed to testify as a witness in a hearing involving the competency of the State's primary witness. He apparently wished to testify about the very incident with which he was charged. When the trial court refused immunity he declined to testify. This hearing did not involve Johnston's personal or constitutional rights such as suppression of confessions or evidence, double jeopardy, change of venue or setting of bond. It involved Johnston's testimony, the purpose of which was to impeach a State's witness. We therefore cannot say the trial court abused its discretion in refusing to give Johnston the requested immunity.

## V

Finally, Johnston contends prosecutorial misconduct occurred during closing argument when the deputy prosecutor made reference to Johnston's testimony at trial, claiming it contained fabrications or lies, and stated the entrapment defense was the most abused defense in criminal law.

Where a defendant takes the stand the prosecutor may argue against his credibility as a witness as long as it is based on the evidence. *Burns v. State* (1979), 270 Ind. 512, 387 N.E.2d 442, 445.

Here, the prosecutor asserted Johnston's story was a fabrication and in doing so he discussed the other evidence which was in conflict with Johnston's version. The prosecutor's attack on Johnston was based on the testimony and evidence before the jury and did not infer he had an opinion about Johnston's credibility or guilt based on facts outside the evidence. The reference to the entrapment defense in context also questioned the credibility of Johnston's testimony where it conflicted with other evidence and testimony before the jury. The trial court was justified in finding the prosecutor's conduct did not unduly place Johnston in a position of grave peril requiring the court's intervention. *Riley v. State* (1981), Ind., 427 N.E.2d 1074, 1076.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without opinion.