## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 30 2019, 10:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew A. Michaloski
Angela Sanchez
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Chadwick M. Childers, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | April 30, 2019 <br><br> Court of Appeals Case No. 18A-CR-2765 <br><br> Appeal from the Whitley Circuit Court <br><br> The Honorable Matthew J. Rentschler, Judge <br><br> Trial Court Cause No. 92C01-1801-F5-11 |

**Mathias, Judge.**

[1] Following a jury trial in Whitley Circuit Court, Chadwick M. Childers ("Childers") was convicted of Level 5 felony dealing in marijuana. Childers appeals and presents one issue, which we restate as whether the trial court abused its discretion by excluding evidence regarding a witness's prior convictions and a pending charge against the witness.

[2] We affirm.

## Facts and Procedural History

[3] On November 8, 2017, the confidential informant ("C.I.") in this case was arrested on misdemeanor drug charges in Whitley County. While in jail the day after his arrest, the C.I. contacted Columbia City Police Department Detective Sergeant Robert Stephenson ("Detective Stephenson") and stated that he had purchased marijuana from Childers in the past and would be willing to act as an informant in a controlled buy. The C.I. hoped to curry favor with the police and prosecuting attorney by acting as an informant. Detective Stephenson made no promises as to any benefits the C.I. might receive for cooperating, but the C.I. understood that the more help he provided to the police, the more benefit he would likely receive. Detective Stephenson took the information he had received from the C.I. to the other members of the Whitley County Drug Task Force, and they decided to use the C.I. in a controlled buy targeting Childers.

[4] Accordingly, on December 9, 2017, the C.I. contacted Childers and arranged a sale of two ounces of marijuana for $400. Immediately before the controlled

buy, Detective Stephenson met with the C.I. and searched his person and vehicle. He then gave the C.I. $400 in buy money and placed an audiovisual recording device on him. The C.I. then went to Childers's residence in Columbia City, with Detective Stephenson following and observing him. Detective Stephenson parked in a gas station parking lot where he could observe Childers's home from across the street.

Using binoculars, Detective Stephenson observed Childers get into the C.I.'s vehicle. Inside the vehicle, the C.I. gave Childers the $400 in buy money, and in exchange, Childers gave the C.I. marijuana. Childers then got out of the vehicle, and the C.I. drove back to the police station, with Detective Stephenson following him. Detective Stephenson searched the C.I. and found only the marijuana that Childers had sold. Testing later confirmed that the substance Childers sold the C.I. was 52.95 grams[1] of marijuana.

On January 30, 2018, the State charged Childers with Level 5 felony dealing in marijuana.[2] Prior to trial, the State filed a motion in limine seeking to exclude certain evidence, including "any discussion of or reference to any criminal record of any witness listed by the State of Indiana, unless specifically authorized by the court in a hearing conducted outside the presence of the

---

[1] This is just under two ounces, which is equivalent to 56.7 grams.

[2] The offense was elevated to a Level 5 felony based on Childers's 2016 conviction for Level 6 felony dealing in marijuana.

jury." Appellant's App. p. 31. The trial court granted the motion. A bifurcated jury trial was held on October 2, 2018. At trial, Childers attempted to question the C.I. regarding his prior convictions. The State objected, and the trial court sustained the objection. In an offer of proof, the C.I. testified that his prior convictions would have increased his sentence for the misdemeanor he was charged with in November 2017. The C.I. also testified that the State had made no promises to him, but he agreed when defense counsel stated that "if you were to testify today inconsistent with your prior statements that it could be an adverse effect for you in that case[.]" Tr. p. 87. The C.I. also stated that he had additional charges pending against him at the time of his testimony.

[7] The trial court did, however, allow Childers to ask the C.I. about the charges he faced as a result of his arrest in November 2017, his subsequent plea, and what effect his cooperation in the Childers case may have had on the penalties the C.I. faced in that case. The C.I. testified that he had been facing jail time for the November 2017 case, but that as a result of his cooperation with the police, he was able to avoid incarceration. Childers was also permitted to ask the C.I. to speculate if his sentence could have been increased based on his prior conviction for conversion,[3] and the C.I. agreed that his sentence might have been increased based on this prior conviction.

---

[3] A prior conviction for criminal conversion may be used to impeach a witness, as it has been held to be a crime of dishonesty. *See Johnson v. State*, 671 N.E.2d 1203, 1206 n.3 (Ind. Ct. App. 1996), *trans. denied*.

At the conclusion of the first phase of the trial, the jury found Childers guilty of Level 6 felony dealing in marijuana in an amount greater than thirty grams. *See* Ind. Code § 35-48-4-10(c)(2)(a). At the second phase of the trial, the jury found that Childers had previously been convicted of dealing in marijuana, thereby increasing his conviction to a Level 5 felony. *See id*. at § 10(d)(1). At a sentencing hearing held on October 29, 2018, the trial court sentenced Childers to four years of incarceration. Childers now appeals.

## Standard of Review

Decisions regarding the admission or exclusion of evidence are entrusted to the sound discretion of the trial court. *Laird v. State*, 103 N.E.3d 1171, 1175 (Ind. Ct. App. 2018), *trans. denied* (citing *Harrison v. State*, 32 N.E.3d 240, 250 (Ind. Ct. App. 2015), *trans. denied*). On appeal, we review the trial court's decision for an abuse of that discretion. *Id*. The trial court abuses its discretion only if its decision regarding the admission of evidence is clearly against the logic and effect of the facts and circumstances before it, or if the court has misinterpreted the law. *Id*.

## Discussion and Decision

Childers contends that the trial court erred by preventing him from confronting the C.I. with evidence that he had prior convictions for possession of marijuana, possession of a controlled substance, possession of paraphernalia, and criminal mischief and newer, pending charges at the time he testified.

Childers argues that he should have been able to impeach the C.I.'s credibility by referring to these prior and pending charges, especially as to how his prior convictions could have affected the penalty he faced as a result of his arrest in November 2017.

[11] This requires us to consider the interplay between several rules of evidence. Generally, evidence that a witness is biased may be used to attack that witness's credibility. *See* Ind. Evidence Rule 616 ("Evidence that a witness has a bias, prejudice, or interest for or against any party may be used to attack the credibility of the witness."). Indiana Evidence Rule 608(a) provides that a witness's credibility may be attacked (or supported) by testimony about the witness's reputation for having a truthful[4] or untruthful character, or by testimony in the form of an opinion about the witness's character for truthfulness or untruthfulness. Evidence Rule 608(b) provides, however, that extrinsic evidence is not admissible to prove specific instances of a witness's conduct regarding the witness's character for truthfulness, except as provided under Evidence Rule 609.[5]

[12] Indiana Evidence Rule 609 in turn provides in relevant part:

---

[4] Evidence of a witness's truthful character is only admissible after the witness's character for truthfulness has been attacked. Evid. R. 608(a).

[5] "But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of another witness whose character the witness being cross-examined has testified about." Evid. R. 608(b).

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime or an attempt of a crime must be admitted but only if the crime committed or attempted is (1) murder, treason, rape, robbery, kidnapping, burglary, arson, or criminal confinement; or (2) a crime involving dishonesty or false statement, including perjury.

Evid. R. 609(a).

[13] The trial court permitted Childers to impeach the C.I.'s credibility using his prior conviction for conversion and by noting the favorable treatment he received in his November 2017 case in exchange for his cooperation in the Childers case. The trial court, however, excluded evidence regarding the C.I.'s prior convictions for possession of a controlled substance, criminal mischief, possession of marijuana and paraphernalia, and possession of marijuana, and additional charges that were pending against the C.I.

[14] Childers claims this was improper, arguing that he should have been permitted to attack the C.I.'s credibility by showing that he was motivated to testify against Childers in return for favorable treatment. Specifically, he claims that the C.I.'s prior criminal history would have "significantly increased his criminal penalties resulting from his November 8, 2017 arrest" and that he might receive favorable treatment in the pending charges. Appellant's Br. p. 13.

[15] With regard to the charges pending against the C.I. at the time of trial, it is well settled that "a witness may not be impeached with evidence of crimes for which charges are pending but which have not been reduced to convictions." *Becker v.*

*State*, 695 N.E.2d 968, 973 (Ind. Ct. App. 1998). Thus, references to the pending charges were properly excluded.

[16] With regard to the C.I.'s prior convictions for possession of a controlled substance, criminal mischief, possession of marijuana and paraphernalia, and possession of marijuana, none of these convictions falls within the list of those convictions admissible under Evidence Rule 609(a), i.e., none of the prior convictions were for "murder, treason, rape, robbery, kidnapping, burglary, arson, or criminal confinement," or an attempt to commit those crimes, nor are they crimes of dishonesty. *See Pierce v. State*, 640 N.E.2d 730, 732 (Ind. Ct. App. 1994) (holding a prior conviction of dealing cocaine could not be used to impeach a witness because it is not one of the "infamous crimes" enumerated in Evidence Rule 609(a) and was not a crime of dishonesty), *trans. denied* (citing *Johnston v. State*, 517 N.E.2d 397 (Ind. 1988) (holding that drug offenses are not included in the list of impeachable offenses)); *Williams v. State*, 724 N.E.2d 1070, 1082 (Ind. 2000) (holding that criminal mischief is not included among the crimes admissible under Evidence Rule 609(a)). Accordingly, reference to the C.I.'s prior convictions for possession of marijuana, possession of a controlled substance, possession of paraphernalia, and criminal mischief was clearly impermissible under Evidence Rule 609(a).

[17] Nevertheless, Childers argues that the trial court should have permitted him to show bias on the part of the C.I. by using these prior convictions, claiming that this prevented him from exercising his constitutional right to cross-examine the

State's witness. As our courts have repeatedly explained that although a defendant has a constitutional right to confront and cross-examine witnesses:

> [t]he right to cross examination . . . is not absolute. [T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. Furthermore, the right to confront witnesses may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.

*Alvarado v. State*, 89 N.E.3d 442, 445–46 (Ind. Ct. App. 2017), *trans. denied* (citations and internal quotation marks omitted).

[18] Here, even though he was not able to introduce evidence regarding all of the C.I.'s prior convictions, Childers was nevertheless able to introduce evidence of the C.I.'s prior conviction for conversion. Both rulings are consistent with the Indiana Rules of Evidence. Childers was also able to establish the C.I.'s bias by showing that the C.I. was cooperating in the present case in exchange for more favorable treatment in the November 2017 charges against him. We therefore reject Childers's claim that he was denied the right to cross-examine the C.I.[6]

---

[6] Even assuming *arguendo* that the trial court erred by excluding this evidence, Childers would not prevail. Violations of the right of cross-examination do not require reversal if the State can show beyond a reasonable doubt that the error did not contribute to the verdict. *Hall v. State*, 36 N.E.3d 459, 468 (Ind. 2015). When determining whether an error is harmless beyond a reasonable doubt, we review the whole record and consider factors such as: the importance of the witness's testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the State's case. *Id.* (citing *Delaware v. Van Arsdall,* 475 U.S. 673, 684 (1986)). Here, the C.I.'s testimony was important, but it was also somewhat cumulative, as Detective Stephenson witnessed

*See Stephenson v. State*, 742 N.E.2d 463, 486–87 (Ind. 2001) (holding that trial court's exclusion of evidence regarding witness's seventeen-year-old robbery conviction pursuant to Evidence Rule 609(b) did not deny the defendant's right to cross-examination, where defendant was still able to thoroughly cross-examine the witness and impeach his credibility in other ways); *Beaty v. State*, 856 N.E.2d 1264, 1270 (Ind. Ct. App. 2006), *trans. denied* (holding that trial court did not abuse its discretion by excluding evidence of witness's prior thefts where jury was well aware of the witness's bias and desire to curry favor with the State because details of his plea agreement were admitted and some evidence of the witness's prior misconduct was placed before the jury).

## Conclusion

[19] The trial court properly excluded evidence of the C.I.'s prior convictions for possession of marijuana, possession of a controlled substance, possession of paraphernalia, and criminal mischief. And the court's limitation of Childers's cross-examination of the C.I. regarding these prior offenses did not

---

much of the controlled buy, and an audio recording of the controlled buy was admitted into evidence. Moreover, the State's case was particularly strong given the Detective's eyewitness testimony, the audio recording, and the marijuana found on the C.I. after the controlled buy. The trial court also allowed extensive cross-examination of the C.I. regarding his deal with the State in exchange for his testimony and even allowed evidence of his prior conviction for conversion. Thus, further impeaching the C.I.'s credibility with evidence of his prior convictions would not have added much to the equation. We therefore conclude that, even assuming error in the trial court's decision, any error would be harmless beyond a reasonable doubt.

unconstitutionally impinge on Childers's right to cross-examine the C.I. We therefore affirm the judgment of the trial court.

[20] Affirmed.

May, J., and Brown, J., concur.